UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.                                              Criminal No. 4:08cr16-3

**DAVID ANTHONY RUNYON,**

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on defendant's Motion to Preclude a Penalty Phase Hearing and/or Imposition of the Death Penalty Because the 1994 Federal Death Penalty Act is Unconstitutional. The United States opposes the motion. Defendant raises eleven separate arguments in support of his motion, each of which will be addressed below. At the outset, however, the court notes that to date the 1994 Federal Death Penalty Act ("FDPA"), 18 U.S.C. § 3591 et seq., has not been found unconstitutional on any ground. This court declines to do so now and **DENIES** defendant's motion.

### I. Background

Defendant David Anthony Runyon was named in a five-count Indictment, filed February 13, 2008, charging him with: (Count 1) Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958(a); (Count 2) Carjacking Resulting in Death, in violation of 18 U.S.C. §§ 2119 and 2; (Count 3) Bank Robbery Resulting in Death, in violation 18 U.S.C. §§ 2113(a), (e) and 2; (Count 4) Conspiracy to

Commit Robbery Affecting Commerce, in violation of 18 U.S.C. §§ 1951(a); and (Count 5) Murder with a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(j) and 2.[1] On July 17, 2008, the United States filed a Notice of Intent to Seek a Sentence of Death as to defendant.[2] Trial in this matter is scheduled to begin March 13, 2009.

## II. Arguments and Analysis

Defendant raises eleven arguments that the FDPA is unconstitutional on its face. Facial challenges to statutes require the challenger to overcome an exceptionally high hurdle and establish that no set of circumstances exist under which the law would be valid. See United States v. Salerno, 481 U.S. 739, 745 (1987). Additionally, a statute must be construed as to avoid constitutional problems, if such an interpretation is fairly possible. See I.N.S. v. St. Cyr, 533 U.S. 289, 300 (2001).

### A. The Effect of Ring v. Arizona

Defendant first contends that, because the statutory aggravating factors and mental culpability requirements under the FDPA are sentencing determinations, and not elements of the capital offense, the Act is unconstitutional in light of Ring v. Arizona, 536 U.S. 584 (2002). In Ring, the Supreme Court held that the aggravating factors

---

[1] The indictment also named Catherina Voss and Michael Anthony Eric Draven as co-defendants.

[2] The United States did not seek the death penalty as to defendant Voss or defendant Draven.

2

required for imposition of a death sentence are functional equivalents of elements of the offense and must be proven to a jury beyond a reasonable doubt. Ring, 536 U.S. at 601-02. Since Ring, several courts, including the Fourth Circuit, have also established that the eligibility factors must be presented to a grand jury and charged in the indictment. See United States v. Higgs, 353 F.3d 281, 298 (4th Cir. 2003).

A great number of courts have considered constitutional challenges to the FDPA since Ring was decided, none of them finding the Act unconstitutional in any respect. See, e.g., United States v. Mikos, 539 F.3d 706, 715 (7th Cir. 2008) (rejecting several of the same arguments made here by defendant and noting that "Ring does not hold nor imply that any part of the Federal Death Penalty Act is unconstitutional."); United States v. Sampson, 486 F.3d 13, 21 (1st Cir. 2007) (agreeing that "there is no irredeemable conflict between the FDPA and Ring," and "Ring does not render the FDPA unconstitutional...."); United States v. LeCroy, 441 F.3d 914, 922 (11th Cir. 2006) (rejecting the assertion that the FDPA is unconstitutional on its face in light of Ring and related cases); United States v. Barnette, 390 F.3d 775, 790 (4th Cir. 2004), vacated on other grounds by 546 U.S. 803 (2005) (considering, and rejecting, similar Ring-based challenges to the FDPA). This court declines to stray from well-established precedent that the FDPA, on its face, remains constitutional after Ring.

### B. The Sentencing Scheme Under the FDPA

Defendant next contends that the FDPA is unconstitutional because the sentencing scheme is so incomprehensible that it deprives the jury of the ability of make a reasoned and informed choice between a death sentence and a life sentence. Specifically, defendant argues that the fundamental assumption that penalty phase jurors are capable of understanding standard penalty phase instructions is "undermined" by empirical evidence "to such an extent that the entire federal death penalty scheme should be held to violate the Fifth and Eighth Amendments because a jury instructed pursuant to such a scheme cannot make a reasoned and informed choice between a death sentence and a life sentence without the possibility of release."[3] (Mot. 46.)

This argument has been uniformly rejected by the other courts that have considered it. See, e.g., United States v. Regan, 228 F. Supp. 2d 742, 746-47 (E.D. Va. 2002) ("The FDPA scheme is comprehensible and allows the jury to make a reasoned and informed choice between death and a life sentence."); United States v. Llera Plaza, 179 F. Supp. 2d 444, 449-50 (E.D. Pa. 2001) (finding "nothing in the FDPA that can be said to raise an insuperable barrier to informed sentencing."). Defendant's argument is unpersuasive and without sound support, and it fails.

---

[3] In his motion, defendant reviews several academic studies of capital juror comprehension in support of his claim.

## C.  Death-Penalty Eligible Defendants

Defendant claims that the FDPA fails to properly narrow the class of persons eligible for the death penalty, in violation of the Eighth Amendment.  Under the statute, once a jury returns a conviction on a criminal offense which authorizes the death penalty as a possible punishment, it may only impose a death sentence if it unanimously finds both one of the mental states enumerated in § 3591(a)(2) and one of the statutory aggravating factors set forth in § 3592(c).  See 18 U.S.C. § 3593(e)(2).  Citing to the Supreme Court's admonition that a death penalty statute must "genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder," Zant v. Stephens, 462 U.S. 862, 877 (1983), defendant contends that the FDPA, one its face and read as a whole, does not adequately limit the class of individuals eligible for capital punishment.  Specifically, defendant argues (i) that the requirement that the jury find an element of intent as set forth in § 3591(a)(2) fails to narrow the class because it is a "congressional attempt to comply with Supreme Court precedent,"[4] and (ii) the statutory aggravating factors provided in § 3592(c) are "so broad as to apply to essentially any of the vast range of federal offenses where death is provided for by statute."

---

[4]  Even if true, defendant does not elaborate on why the intent requirement does not serve to narrow the class of death-eligible defendants.

5

(Mot. 48.)

Several courts have considered, and rejected, this precise argument. See, e.g., United States v. Le, 327 F. Supp. 2d 601, 608-09 (E.D. Va. 2004) (holding that the intent element "satisfies the rule limiting imposition of the death penalty to those who possess a sufficiently culpable mental state," and that, even if the intent requirement does not itself perform a narrowing function, the aggravating factors "provide objective criteria that cannot be reasonably interpreted to apply to all federal crimes," thus "the FDPA constitutionally narrows the class of persons eligible for the death penalty.")(emphasis added); United States v. Allen, 247 F.3d 741, 761 (8th Cir. 2001), vacated on other grounds, 122 S.Ct. 2653 (2002) (agreeing with the Fifth Circuit that, "under the Constitution, the FDPA adequately narrows the class of persons eligible for the death penalty and sufficiently channels a jury's sentencing discretion.") On the record before it, the court cannot find sufficient reason to depart from this reasoning. As such, defendant's argument is rejected.

## D. Non-Statutory Aggravating Factors

Defendant next contends that the FDPA unconstitutionally authorizes the government to allege non-statutory aggravating factors. Specifically, defendant takes issue with 18 U.S.C. § 3592(c), which provides that, in addition to the list of aggravating factors enumerated in § 3592(c)(1) through (c)(16), the

jury, or if there is no jury, the court, "may consider whether any other aggravating factor for which notice has been given exists."[5]

Defendant raises five separate challenges to the ability of the United States to allege non-statutory aggravating factors. First, he contends that these factors do not limit and guide the jury's discretion, thus resulting in "wholly arbitrary and capricious death sentences," in violation of the Eighth Amendment. (Mot. 52.) Next, he asserts that the FDPA violates the non-delegation doctrine and separation of powers principles because, by allowing government prosecutors to define non-statutory aggravating factors, Congress has impermissibly delegated legislative power to the executive branch. Third, because the United States is permitted to identify non-statutory aggravating factors after the crime, but before trial, defendant asserts that the FDPA violates the Ex Post Facto clause. Defendant further argues that the use of non-statutory aggravating factors without providing for proportionality review violates the Fifth and Eighth Amendments. Finally, defendant makes a wordsmithing argument and contends that the FDPA contains statutory inconsistencies that prohibit the use of non-statutory aggravating factors.

---

[5] Only if the government establishes one of the § 3591(a)(2) intent factors <u>and</u> one or more of the statutory aggravating factors may the jury consider any non-statutory aggravating factors for which notice has been given. <u>See</u> 18 U.S.C. § 3593(e).

The Fourth Circuit has considered, and rejected, defendant's first four challenges to the FDPA's provisions on non-statutory aggravating factors, finding (i) no constitutional infirmity, and no random and unguided imposition of the death penalty, arising out of the consideration of the non-statutory aggravating factors by the jury, (ii) no impermissible delegation of power to prosecutors, (iii) no ex post facto issues stemming from non-statutory aggravating factors that were identified after the crime, and (iv) no Eighth Amendment violation for failure to provide proportionality review. Higgs, 353 F.3d at 320-22. Defendant's fifth argument has, likewise, been rejected. See United States v. Nguyen, 928 F. Supp. 1525, 1536 (D. Kan. 1996) (finding that this argument rests of a "strained and hyper-literal reading" of the statute and has "no merit"); Le, 327 F. Supp. 2d at 614 (characterizing this argument as "logically infirm"). This court agrees with the reasoning of the courts in Nguyen and Le and does not find statutory inconsistencies in the FDPA such that the use of non-statutory aggravating factors is prohibited. Accordingly, each of defendant's five challenges to the non-statutory aggravating factors is rejected.

**E. Defendant's Ability to Present Mitigating Evidence**

During the sentencing proceedings, 18 U.S.C § 3593(f) prohibits jurors from considering "the race, color, religious beliefs, national origin, or sex of the defendant or of any victim" and mandates that the jury shall not recommend a sentence of death unless it has

concluded that it would recommend such a sentence for the crime in question regardless of these above considerations. Defendant argues that this provision sweeps to broadly because it restricts the evidence that the jury may consider in mitigation, in violation of the Fifth and Eighth Amendments.

While the Supreme Court has instructed that a death penalty scheme must allow the judge or jury to consider any relevant mitigating factor, Lockett v. Ohio, 438 U.S. 586, 605 (1978), it has also made clear that race is a "totally irrelevant" factor in capital sentencing. Zant v. Stephens, 462 U.S. 862, 885 (1983). Courts have uniformly held that the "effects and experiences of race may be admissible" during sentencing, but "this is a far cry from using race in and of itself as a proxy for such a set of beliefs and experiences." United States v. Webster, 162 F.3d 308, 356-57 (5th Cir. 1998); accord Nguyen, 928 F. Supp. at 1547; United States v. Cooper, 91 F. Supp. 2d 90, 102 (D.D.C. 2000). Section 3593(f) is not unconstitutional but, rather, "complies with the constitutional mandate the race be irrelevant during sentencing, while at the same time permitting the jury to hear mitigating evidence concerning the defendant's experiences resulting from his race, color, religion, national origin or gender, and the effect those experiences have had on his life." Cooper, 91 F.Supp. 2d at 102. The court rejects defendant's argument.

## F. Jury Sentencing Under the FDPA

Defendant next challenges 18 U.S.C. § 3593(b)(3), which provides that the sentencing hearing in a case brought under the FDPA shall be conducted "before the court alone, upon the motion of the defendant and with the approval of the attorney for the government." This provision, he alleges, give the United States the "power to force the defendant to be sentenced by a jury in violation of the Fifth and Eighth Amendments." (Mot. 64.)

Compelling a criminal defendant to undergo a jury trial against his will is not contrary to the right to a fair trial or to due process. Singer v. United States, 380 U.S. 24, 36 (1965) (noting further that a defendant's "only constitutional right concerning the method of trial is to an impartial trial by jury."). This argument has previously been squarely rejected. See, e.g., Cooper, 91 F. Supp. 2d at 103 (noting that the Supreme Court's "strong preference for jury sentencing in capital cases," coupled with its pronouncement in Singer, clearly shows that this argument cannot prevail). The inability of defendant to insist upon sentencing by a judge and unilaterally waive sentencing by a jury simply does not violate the Constitution. Defendant's argument fails.

## G. Appellate Review of FDPA Decisions

The appellate review procedures under the FDPA provide that a death sentence shall be reviewed by the court of appeals upon timely notice of appeal by the defendant. See 35 U.S.C. § 3595(a).

Defendant asserts that, by failing to provide mandatory appellate review, the statute "drastically undermines" the heightened reliability standards of reliability required by the Supreme Court to justify death sentences. (Mot. 69.) Because many defendants sentenced to death are profoundly depressed, and may not be able to timely file a notice of appeal, defendant argues that the FDPA fails to provide "meaningful" appellate review and "takes fatal advantage of" a condemned defendant. (Mot. 69-70.)

At this juncture, defendant has not even been tried, "let alone sentenced to death. Thus, he has not yet suffered any harm as a result of the lack of mandatory appellate review," or any other flaws in that review. United States v. Cuff, 38 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (addressing a similar challenge to the FDPA's appellate review procedures and noting that, any harm to a defendant that would be attributable to the nature and extent of the appellate review process is simply "too speculative at this time for the court to reach the question on the merits.") (internal quotation omitted). Because defendant lacks standing at this point to challenge the FDPA's appellate review procedures, his argument is rejected.

**H. FDPA's Remand Provision and the Double Jeopardy Clause**

Title 18 U.S.C. § 3595(c)(2)(B) provides:

> Whenever the court of appeals finds that...the admissible evidence and information adduced does not support the special finding of the existence of the required aggravating factor...the court shall remand the case for reconsideration under section 3593 or imposition of a sentence other than death.

11

Defendant argues that this section facially violates the Double Jeopardy Clause because it "directs a retrial on the issue of penalty" after the appellate court reverses a finding by the sentencing jury or judge that insufficient evidence existed to support a required aggravating circumstance. (Mot. 71.) Thus, defendant contends, the entire FDPA is void. As with his challenge to the FDPA's appellate review procedures, defendant lacks standing to challenge the constitutionality of this section, which affects a narrow class of individuals to which he does not now, and may never, belong. As above, any harm to defendant that would be attributable to this provision of the FDPA "is simply too speculative at this time" for the court to reach the question on the merits. Cuff, 38 F.Supp. 2d at 285 (internal quotation omitted). The court rejects defendant's argument.

## I. FDPA Does Not Establish a Mandatory Death Sentence

Next, defendant argues briefly that the FDPA violates due process, Article III, and the Eighth Amendment by mandating that the judge impose a sentence of death if the jury so recommends. Specifically, defendant takes issue with § 3594, which provides that, upon recommendation under § 3593(e) that the defendant should be sentenced to death, "the court shall sentence the defendant accordingly." (Mot. 72.) This provision, defendant argues, unconstitutionally limits a judge's discretion and, in essence, legislatively mandates a sentence of death. The United States

12

asserts that defendant lacks standing to challenge the constitutionality of § 3594, that his claim is not ripe, and that the provision does not establish a mandatory sentence of death.

It is true that Congress cannot legislate a mandatory sentence of death. See <u>Woodson v. N. Carolina</u>, 428 U.S 280, 305 (1976) (striking down a statute requiring that all defendants convicted of first-degree murder by sentenced automatically to death because it failed to allow for any discretion or consideration of mitigating factors). The FDPA, however, does not serve to establish a mandatory death sentence of the type considered in <u>Woodson</u>. Directing a trial judge to enter a death sentence if the jury recommends does not mandate that death sentence be imposed on any defendant, thus there is still an individualized determination that such a sentence is appropriate in a particular case. The statute does not establish a mandatory death sentence, and this court rejects defendant's argument.

**J. Defendant's Rebuttal Evidence at Penalty Phase**

Defendant alleges that § 3593(c) of the FDPA, which permits the government to open and close the argument phase of the penalty hearing, violates the Fifth, Sixth, and Eighth Amendments because it deprives him of a fair opportunity to rebut the government's proof of sentencing. As defendant recognizes, § 3593(c) mirrors the language of Federal Rule of Criminal Procedure 29.1, which governs the order of closing arguments in the guilt phase of criminal trials. Because

death is a qualitatively different punishment, however, defendant asserts that this procedure is inappropriate.[6] Defendant cites nothing, apart from cases describing death as a different kind of punishment from all others, to support this argument.

This argument, too, has been considered and rejected by other courts. See, e.g., Cooper, 91 F. Supp. 2d at 102 (finding the FDPA's structure governing the order of presentation of closing arguments "consistent with federal practice," as well as Rule 29.1.) Because the Federal Rules of Criminal Procedure sets forth the order by which closing arguments should proceed, and because defendant has provided no legal basis on which this court can conclude that it should deviate from the Federal Rules, his argument is rejected.

K.   **Cruel and Unusual Punishment**

Finally, defendant argues that the death penalty is, under all circumstances, cruel and unusual punishment and, therefore, violates the Eighth Amendment. (Mot. 74.) As defendant recognizes, however, this argument is "foreclosed by Supreme Court precedent." Higgs, 353 F.3d at 333 (citing McClesky v. Kemp, 481 U.S. 279, 300-03 (1987)). This court declines to stray from well-established precedent and,

---

[6] Defendant additionally argues that capital defendants, like himself, should be provided an opportunity to respond to the government's allegations; therefore, the prosecution should not be allowed to have "both the first and last word at the penalty phase." (Mot. 73.) As the United States correctly points out, however, the government is limited in its rebuttal to points made in the defense summation and may not introduce new theories to which the defendant cannot reply. See United States v. Sarmiento, 744 F.2d 755, 765 (11th Cir. 1984).

therefore, rejects defendant's argument.

### III. Conclusion

For the foregoing reasons, defendant's Motion to Preclude a Penalty Phase Hearing and/or Imposition of the Death Penalty Because the 1994 Federal Death Penalty Act is Unconstitutional is **DENIED**.

The Clerk shall forward a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

———————————————
Rebecca Beach Smith
United States District Judge

Norfolk, Virginia
January 9, 2009