**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES OF AMERICA**

v.                                                              Criminal No. 4:08cr16

**DAVID ANTHONY RUNYON**

### SUPPLEMENTAL MOTION TO CONTINUE
### CAPITAL SENTENCING HEARING

In the event that the defendant David Runyon is convicted of one or more offenses punishable by death, he hereby moves, through counsel, Lawrence Woodward and Stephen A. Hudgins, for an order continuing the sentencing hearing under 18 U.S.C. §§ 3591 *et seq.* for a period of at least 90 days in order to permit counsel to provide constitutionally effective assistance and to safeguard the defendant's Eighth Amendment to present evidence in mitigation of punishment. *See Gray v. Branker,* 529 F.3d 220 (4th Cir. 2008), *cert. denied,* 129 S.Ct. 1579 (2009) (holding that defendant was denied effective assistance of counsel by failure to investigate and develop evidence of mental impairment for capital sentencing).

By motion filed on April 13, 2009, the defendant requested that the trial date of June 30, 2009, be continued until October. On May 7, 2009, the Court denied the motion insofar as it sought a continuance *of the guilt-or-*

1

*innocence phase*, but expressly declined to rule on whether a continuance would be justified prior to sentencing in the event of a capital conviction. Specifically, the Court ruled:

> With respect to the penalty portions of this trial, if such phases are even needed, the court will consider continuing them as appropriate following the guilt/innocence phase . . . . The jury, with appropriate cautionary instructions, may be reconvened at a later time to conduct any necessary penalty phases, if a continuance to complete preparation for those phases is deemed necessary.

Order, May 7, 2009, at 8.

Before and after entry of the May 7 order, defense counsel has been working diligently to prepare for a possible sentencing hearing.[1] However, it has now become apparent that counsel will simply not be ready to present the defendant's case for life at the conclusion of the guilt or innocence phase of his trial unless a substantial continuance is granted. The reasons why this is so are set forth in greater detail in the defendant's Exhibit "A" submitted under seal in support of this motion, but may be briefly summarized here:

**First**, as the Court is aware a recent specialized mental health examination has uncovered evidence tending to suggest the existence of a

---
[1] Without recapitulating the facts contained in the April 13 motion, counsel would recall that the member of the defense team with primary responsibility for sentencing phase preparation, Jon Babineau, was required to withdraw due to a conflict in February, 2009 and his replacement, Stephen Hudgins, entered the case just six months ago. For nearly ** weeks of that time, moreover, from April ** to May ***, Mr. Hudgins was engaged in the defense of an unrelated federal criminal case, United States v. ******, No. **CR*****, that further reduced the time available for him to devote to preparing for the possibility of a sentencing hearing in this case.

significant mental disorder that bears a potentially strong relationship to the defendant's behavior and moral culpability. The examiner has advised counsel that additional diagnostic studies are necessary. A motion to authorize counsel to retain an expert capable of carrying out these studies is pending. A preliminary report of the neuropsychologist is attached hereto as Exhibit "B".

**Second**, important medical records remain to be gathered, and additional collateral investigation of the defendant's social and family history conducted, in order to either corroborate or rule out the presence of serious mental abnormalities. Ideally, this record-gathering and collateral investigation would have been largely completed before mental health experts were retained by the defense. However, as related in the defendant's prior motion for continuance filed on April 13, 2009, this has proven impossible.

The defendant will not recapitulate here the constitutional basis of his continuance motion, as he has already set it forth in his previous Motion to Continue the Trial Date filed on April 13. Suffice it say that a 90-day continuance of the sentencing phase of his trial in order to allow counsel to complete the essential unfinished preparation that remains is clearly justified, and the equities weigh heavily in favor of granting his request. Even after

such a brief delay, the total time that will have elapsed between indictment and the jury's sentencing verdict will have been fairly typical of federal death penalty cases.[2] Far greater delays, moreover, are commonplace in federal capital litigation. For example, the most recent federal death sentence case to be affirmed by the Fourth Circuit was decided on appeal nearly four-and-a-half years after the trial jury rendered its sentencing verdict on November 2, 2004. *United States v. Basham*, 561 F.3d 302 (4th Cir. 2009). Given the inevitable vagaries and frequent delays of appellate litigation, it would be penny-wise and pound-foolish to save a few weeks or months by requiring the sentencing jury to make its momentous decision while laboring under a needless blackout of critical information going to the heart of the defendant's culpability and moral desert.

For all of these reasons, including those that have been submitted under seal, counsel for the defendant David Runyon request that the Court adjourn this case for a period of not less than 90 days in order to permit them to complete the essential factual, mental health and legal preparation required to permit a just and reliable determination of whether Mr. Runyon should live or die.

---

[2] Counsel are advised by the Federal Death Penalty Resource Counsel Project that as of 2007, the average time between federal capital indictment and the beginning of trial was just over 20 months---slightly longer than the elapsed period in this case.

DAVID ANTHONY RUNYON

By: _____/s/_____
Stephen A. Hudgins, Esquire
VSB No. 20315
Counsel for David Anthony Runyon
Cope & Olson, P.L.C.
11836 Canon Blvd., Suite 100
Newport News, VA 23606
Telephone: 757.596.0316
Telefax: 757.596.5320
shudgins@com.hrcoxmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Blair C. Perez, Esquire
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, VA 23510
Telephone: 757.441.6331
Telefax: 757.441.6689
blair.perez@usdoj.gov

Brian J. Samuels, Esquire
VSB No. 65898
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone: 757.591.4000
Telefax: 757.591.0866
brian.samuels@usdoj.gov

Lisa R. McKeel, Esquire
VSB No. 28652
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone: 757.591.4000
Telefax: 757.591.0866
lisa.mckeel@usdoj.gov

Lawrence Hunter Woodward, Jr., Esquire
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
Counsel for David Anthony Runyon
4525 South Boulevard, Suite 300
Virginia Beach VA 23452
Telephone: 757.671.6047
Telefax: 757.671.6004
lwoodward@srgslaw.com

Larry M. Dash, Esquire
Office of the Federal Public Defender
Counsel for Catherina Rose Voss
150 Boush Street, Suite 403
Norfolk, VA 23510
larrydash@fd.org

Paul G. Gill, Esquire
Office of the Federal Public Defender
Counsel for Catherina Rose Voss
830 E. Main Street, Suite 1100
Richmond, VA 23219
paulgill@fd.org

Jeffrey A. Swartz, Esquire
Rabinowitz, Swartz, Taliaferro, Swartz & Goodove
Counsel for Catherina Rose Voss
150 Boush Street, Suite 800
Norfolk, VA 23510
jswartz@rstsg.com

James S. Ellenson, Esquire
Law Office of James Stephen Ellenson
Counsel for Michael Anthony Eric Draven
Bank of America Building
2600 Washington Avenue, Suite 1000
Newport News, VA 23607
jseatty@aol.com

Timothy G. Clancy, Esquire
Moschel & Clancy, PLLC
Counsel for Michael Anthony Eric Draven
2101 Executive Drive, Third Floor
Tower Box 78
Hampton VA 23666
tclancy@moschelandclancy.com

_____/s/_____
Stephen A. Hudgins, Esquire
VSB No. 20315
Counsel for David Anthony Runyon
Cope & Olson, P.L.C.
11836 Canon Blvd., Suite 100
Newport News, VA 23606
Telephone: 757.596.0316
Telefax: 757.596.5320
shudgins@com.hrcoxmail.com