UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.

Criminal No. 4:08cr16

DAVID ANTHONY RUNYON,

Defendant.

### ORDER

This matter comes before the court on the motion of defendant David Anthony Runyon ("Runyon") to continue the third phase of the trial in this matter. On April 13, 2009, counsel for Runyon moved the court to continue the trial in this case. (See Docket #179.) On May 7, 2009, the court entered an order denying a continuance as to the guilt/innocence phase of the trial, and noting that, should penalty phases be required for Runyon, based on the outcome of the guilt/innocence phase, counsel would be permitted to renew the motion for a continuance at that time.[1]

On July 17, 2009, Runyon was found guilty of three offenses punishable by death.[2] That same day, defense counsel filed a

---

[1] As explained in several of the court's orders, trial in this matter is proceeding in three phases. (See December 9, 2008, Order at 2; May 7, 2009, Order at 2 n.3.) In its May 7, 2009, Order, the court indicated that it would consider continuing the latter two phases, applicable only to death penalty-eligible defendants such as Runyon, if the result of the guilt/innocence phase so requires, and the parties make an appropriate showing of need for a continuance at that time.

[2] The jury found Runyon guilty of: (Count One) Conspiracy to Commit Murder for Hire; (Count Two) Carjacking Resulting in Death;

Supplemental Motion to Continue Capital Sentencing Hearing,[3] seeking an order continuing the sentencing hearing for a period of at least ninety (90) days. Defense counsel also filed certain sealed exhibits in support of the motion. (Docket #241.) The United States responded in opposition on July 21, 2009. On July 22, 2009, Runyon was found eligible for imposition of the death penalty. Following the jury's verdict in this second phase, the court **GRANTED** defendant's motion for a continuance from the bench, and set the third phase of trial for August 19, 2009.[4]

Trial courts are granted "broad discretion" on matters of continuances and "only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (internal quotation marks and citation omitted). There are "no mechanical tests" a trial court must employ when deciding whether continuance is appropriate, rather "[t]he answer

---

and (Count Five) Murder with a Firearm in Relation to a Crime of Violence.

[3] Defense counsel filed this Supplemental Motion to Continue Capital Sentencing Hearing twice – both on July 17, 2009, and on July 20, 2009. The filings are identical.

[4] As explained above, see supra note 1 and accompanying text, trial is proceeding in three phases. At the time defense counsel filed their Supplemental Motion to Continue the Capital Sentencing Hearing, the court had already scheduled Phase Two to commence on July 22, 2009, without any objection from defense counsel. Therefore, the current order addresses a continuance of Phase Three only.

2

must be found in the circumstances present . . . particularly in the reasons presented to the trial judge at the time the request" is made. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). The difficulty inherent in scheduling trials places a burden on trial judges that, "except for compelling reasons," counsels against continuances. Morris, 461 U.S. at 12; see also United States v. Hutchison, 352 F.2d 404, 405 (4th Cir. 1965) (granting a continuance is a matter within the sound discretion of trial judge; reasonable latitude must be allowed). A party seeking a continuance must show that a delay is necessary for just determination of the case. United States v. Clinger, 681 F.2d 221, 223 (4th Cir. 1982).

The court has reviewed defendant's initial motion for a continuance, the supplemental motion, and the exhibits submitted therewith. Based upon the grounds presented, and for the reasons stated herein and from the bench, the court **FINDS** that a continuance of four weeks is warranted with respect to the third and final phase of this trial. As previously stated, Phase Three of the trial will commence on Wednesday, August 19, 2009, at 10:00 a.m. in Norfolk.

The Clerk shall forward a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

Rebecca Beach Smith
United States District Judge

Norfolk, Virginia
July 22, 2009

3