UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

       v.                                    CRIMINAL NO. 4:08cr16-3

DAVID ANTHONY RUNYON,

      Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 ("Motion") and supporting Memorandum of Law ("Memorandum"), both filed on November 14, 2013, by J. T. Stanton, Esquire.[1] For the

_____

[1] At a threshold level, the court questions the authority and propriety of Ms. Stanton to submit and sign pleadings listing herself as "Local Counsel for David Anthony Runyon." See Mot. at 2, Nov. 14, 2013, ECF No. 392; Mem. at 9, Nov. 14, 2013, ECF No. 392-1. She obviously has not been retained by the Defendant, based on her Motion to be appointed as his counsel; nor has the Defendant signed the Motion; nor has his current appellate counsel signed the Motion; nor does Ms. Stanton even represent that she has consulted the Defendant or his appellate counsel about filing the Motion; nor has Ms. Stanton been counsel in this case at any stage of the trial or ongoing appellate proceedings; nor has the court yet appointed her as counsel for any proceeding in this case. Moreover, she did not even forward a copy of her Motion and Memorandum to the Defendant or his current appellate counsel, according to her signed Certificates of Service on these filings.

Even more troubling is the fact that Ms. Stanton filed an Appearance of Counsel, despite the foregoing, stating that she was appearing in the case as "Local counsel for David Anthony Runyon," and the Clerk has thus entered her appearance on the docket. See Notice of Attorney Appearance, Nov. 14, 2013, ECF No. 391. The court will separately address this potential impropriety in subsequent orders and proceedings. E.g., Cartensen v. Chrisland Corp., 247 Va. 443, 447 (Va. 1994) (explaining that "[w]hether a contract employing an attorney is express or implied, some indication that the advice and assistance of the attorney was

reasons discussed below, the Motion is **DENIED**, as is the Application to Qualify as a Foreign Attorney Under Local Civil Rule 83.1(D) and Local Criminal Rule 57.4, filed on November 14, 2013, with the Motion.

I.

The Defendant, David Anthony Runyon, pursuant to the jury's verdict and recommendation under the Federal Death Penalty Act, 18 U.S.C. § 3594, was sentenced to death on December 4, 2009. The United States Court of Appeals for the Fourth Circuit affirmed the

---

sought and received is integral to the creation of the attorney-client relationship"); see E.D. Va. Loc. Crim. R. 57.4(I) (stating that the "ethical standards relating to the practice of law in criminal cases in this Court shall be Section II of Part Six of the Rules of the Virginia Supreme Court [the Virginia Rules of Professional Conduct]"); E.D. Va. Loc. Civ. R. 83.1(I) (same with respect to civil cases before this court); Virginia Rule of Professional Conduct 1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued."); id. § 1.2(d) ("A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation."); see also E.D. Va. Loc. Crim. R. 57.4(G) ("No attorney who has entered an appearance in any criminal action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared."); E.D. Va. Loc. Civ. R. 83.1(G) (same with respect to civil actions); see generally Fed. R. Civ. P. 11(b)(1), (2), and (3) (stating that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose" that the "legal contentions are warranted by existing law" and that the "factual contentions have evidentiary support"). Finally, both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure apply to federal habeas corpus proceedings. See Rules Governing § 2255 Proceedings, Rule 12, 28 U.S.C.A. foll. § 2255.

Defendant's conviction and sentence on direct appeal on February 25, 2013. <u>United States v. Runyon</u>, 707 F.3d 475 (4th Cir. 2013). Rehearing en banc was denied. <u>United States v. Runyon</u>, No. 09-11 (4th Cir. Mar. 25, 2013) (Order denying petition for rehearing en banc). The Defendant then filed a petition for a writ of certiorari with the Supreme Court of the United States on August 21, 2013, which is currently pending. No response to the petition has been filed and one is not even due until January 22, 2014.[2]

## II.

Ms. Stanton filed the instant Motion on November 14, 2013. In the Motion, Ms. Stanton asks the court to appoint two attorneys to represent the Defendant in pursuing post-conviction relief, including the preparation of a motion pursuant to 28 U.S.C. § 2255. Specifically, she asks the court to appoint her, a private attorney admitted to the bar of this court, and a federal public defender from the District of Maryland.[3] Moreover, she asks for appointment

---

[2] See the Supreme Court docket sheet for <u>Runyon v. United States</u>, No. 13-254 (2013), which is attached to this Memorandum Order as Exhibit A.

[3] Apparently, the federal public defender from Maryland is the only other counsel Ms. Stanton consulted prior to her filings. <u>See</u> Mot. at 1; Mem. at 1-2, 4-8; <u>supra</u> note 1. Ms. Stanton does make a passing statement in her Memorandum that "Chief Judge Traxler has already been contacted and has stated that he has no objection to the appointment." Mem. at 1. However, no documentation whatsoever for this statement, such as a letter, email, or some record thereof, is provided, and it is difficult to envision that the Chief Judge of the Fourth Circuit gave some kind of verbal, non-

of counsel for collateral proceedings even prior to the Supreme
Court's decision on the Defendant's petition for a writ of
certiorari.[4]

In her Memorandum, Ms. Stanton cites no authority for the
proposition that the court is required to appoint post-conviction
counsel, prior to the Supreme Court's decision on the Defendant's
petition for a writ of certiorari.[5] Additionally, it is unclear from

_____

record statement to either Ms. Stanton or the Maryland federal
public defender on such an important criminal matter. In any event,
such lack of objection does not change the substance of the court's
ruling on the Motion. However, the court will certainly explore
this assertion made in a signed pleading by a member of the bar of
this court, when it addresses any potential impropriety in the
filings. See supra note 1.

[4] See supra note 2 and accompanying text.

[5] The case Ms. Stanton cites as binding authority, McFarland v.
Scott, 512 U.S. 849 (1994), establishes a right to legal assistance
prior to filing a habeas corpus petition for capital defendants in
federal habeas corpus proceedings. See Mem. at 2-3. The case,
however, does not involve the appointment of counsel prior to the
conclusion of proceedings on direct appellate review. See
McFarland, 512 U.S. at 851-54. Thus, while McFarland entitles the
Defendant to legal assistance prior to the filing of his § 2255
petition, it does not require the court to appoint counsel prior to
the conclusion of proceedings on direct appeal, nor does it even
suggest that the court should do so.
    In her Memorandum, Ms. Stanton states that "[i]t has become
the practice in capital § 2255 cases to have counsel in place when
the statute of limitations begins to run." Mem. at 2. Support for
this statement is then in a footnote in which she cites five
unpublished decisions from other district courts. Mem. at 2-3 n.4.
This authority is weak support, at best, for such an unequivocal
statement in text, particularly United States v. Basham, in which
the district court appointed § 2255 counsel, with the appointment
to take effect only if and when the Supreme Court denied the
defendant's petition for certiorari. See United States v. Basham,
No. 4:02cr992 (D.S.C. Sept. 18, 2009) (Order conditionally granting
motion to appoint § 2255 counsel), ECF No. 1247.

her Memorandum why the court should appoint Ms. Stanton,[6] when there
are numerous qualified attorneys in this district, as well as
groups of attorneys specializing in capital post-conviction
proceedings, such as the Virginia Capital Representation Resource
Center, located within this state.[7] It is also unclear at this
premature stage whether the Defendant needs two attorneys to
represent him in post-conviction proceedings. By statute, the
Defendant is entitled to the appointment of only one qualified
attorney to assist him in preparing a habeas corpus petition
pursuant to 28 U.S.C. § 2255. See 18 U.S.C. § 3599(a)(2).

### III.

For the foregoing reasons, the court finds that appointment of
counsel for collateral proceedings in this case, before the direct
appellate review process is complete, is premature.[8] Such

---

[6] Ms. Stanton has no particular or specialized expertise, to the
court's knowledge, in federal death penalty habeas corpus cases.
The cases she cites in her Memorandum as examples of her experience
involve only her work as trial counsel on death penalty cases and
as appellate counsel in non-death penalty cases. Nor has Ms.
Stanton had any involvement in this case at bar. See supra note 1.

[7] The court is well aware that the Office of the Federal Public
Defender for the Eastern District of Virginia has a conflict in the
Defendant's case, because it represented a co-defendant at the
trial stage. The court is also well aware of the specialized
qualifications of Ms. Friedman and the Maryland public defender.
However, the court is not required to appoint a federal public
defender to represent the Defendant in post-conviction proceedings,
and it is too early for the court to make this decision in the
Defendant's case. See infra Part III.

[8] Ms. Stanton makes an argument that the appointment of counsel at
this juncture is necessary to provide the Defendant "with ample

5

appointment may not even be appropriate, depending upon the outcome of the direct appellate review process, thereby creating unnecessary expenses and waste of legal resources. The Defendant's appellate counsel can petition on behalf of the Defendant for appointment of habeas corpus counsel, if warranted, following the conclusion of the direct appellate review proceedings.[9] Also, at that time, the court can more appropriately determine whether to appoint one or two attorneys and which qualified counsel to appoint. In summary, the Motion is premature, leaving the court no meaningful way to exercise its discretion at the appropriate time as to how many and who to appoint as qualified counsel for collateral proceedings, if warranted.

Accordingly, Ms. Stanton's Motion is **DENIED**, as is the pro hac vice application for a federal public defender from the District of Maryland to be appointed as counsel at this time. These denials are without prejudice to the Defendant's right and ability, or that of

---

time to properly prepare his § 2255 motion prior to the statutory filing deadline [one-year statute of limitations]." Mem. at 3. However, the court notes that the trial record is complete and all proceedings have been transcribed, making the full trial record readily and immediately available to any counsel filing a § 2255 motion for the Defendant.

[9] Moreover, appellate counsel may want to proceed with any collateral proceedings, thereby preserving legal resources, or they may wish to withdraw, all depending upon the outcome of the direct appellate review and any potential issues for collateral review; but they can make this decision at the appropriate time, as can the court.

his appellate counsel, to petition the court for habeas corpus counsel, if needed at the appropriate time.[10]

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant, appellate counsel of record for the Defendant, the United States Attorney for the Eastern District of Virginia, Ms. Stanton, and the Federal Public Defender for the District of Maryland.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

December 20, 2013

---

[10] See supra note 9 and accompanying text. Additionally, Ms. Stanton and the public defender from the District of Maryland may again petition the court to be habeas corpus counsel in this case, provided the proper requirements are met, and the court ultimately finds no impropriety in the current submissions. See supra notes 1 and 3.