

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:08cr16-3

DAVID ANTHONY RUNYON,

   Defendant.

## SHOW CAUSE ORDER

This matter comes before the court on J.T. Stanton's Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 ("Motion") and supporting Memorandum of Law ("Memorandum"), filed on November 14, 2013. Pursuant to the court's Memorandum Order of December 20, 2013, ECF No. 394, Ms. Stanton is **DIRECTED** to appear before the court at a hearing on Wednesday, January 29, 2014, at 2:00 P.M.,[1] and show cause for any potential improprieties in filing the Motion and Memorandum, and for entering an appearance as counsel for the Defendant, which remains of record. In particular, it is unclear from Ms. Stanton's Motion and Memorandum on what basis she derives authority to enter an appearance for the Defendant and to file a pleading on the Defendant's behalf, listing herself as "Local

---

[1] The court's calendar clerk has cleared this date with Ms. Stanton and with Mr. Brian Samuels of the United States Attorney's Office for the Eastern District of Virginia.

Counsel for David Anthony Runyon." See Mot. at 2, Nov. 14, 2013, ECF No. 392; Mem. at 9, Nov. 14, 2013, ECF No. 392-1.

The Virginia Rules of Professional Conduct ("VRPC") provide the ethical standards relating to the practice of law for both criminal and civil cases in this court. See E.D. Va. Loc. Crim. R. 57.4(I); E.D. Va. Loc. Civ. R. 83.1(I). The VRPC state that "[a] lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued." Virginia Rule of Professional Conduct 1.2(a). The VRPC also provide that "[a] lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." Id. § 1.2(d). Additionally, the Federal Rules of Civil Procedure provide that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose," that the "legal contentions are warranted by existing law," and that the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1),

(2), and (3).[2] Finally, no attorney who has entered an appearance in any criminal or civil action may withdraw the appearance, or have it stricken from the record, except by order of the court, and after reasonable notice to the party on whose behalf the attorney appeared. E.D. Va. Loc. Crim. R. 57.4(G); E.D. Va. Loc. Civ. R. 83.1(G).[3]

Several deficiencies in Ms. Stanton's Motion and Memorandum potentially indicate her failure to comply with the above-referenced ethical standards. First, Ms. Stanton's Motion and Memorandum fail to indicate whether she has ever contacted the Defendant about representing him in collateral proceedings following the conclusion of the direct appellate review process. Second, it is also unclear whether she has ever contacted the Defendant's appellate counsel about representing the Defendant in collateral proceedings, if warranted. Finally, although Ms. Stanton claims in her Memorandum that "Chief Judge Traxler has already been contacted and has stated that he has no objection to the appointment," Mem. at 1, she has provided no documentation or other substantiation whatsoever for this assertion.

---

[2] Both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure apply to federal habeas corpus proceedings. See Rules Governing § 2255 Proceedings, Rule 12, 28 U.S.C.A. foll. § 2255.

[3] See supra note 2.

3

Accordingly, Ms. Stanton shall appear before the court at the hearing on January 29, 2014, and show cause to address any potential improprieties raised in this Order, and in the court's Order of December 20, 2013, in filing the Motion and Memorandum and for entering an appearance as counsel for the Defendant.[4] Specifically, the court will require, inter alia, Ms. Stanton to provide the following information at the hearing: (1) the number and types of contact she had with the Defendant himself prior to filing the Motion, if any; (2) the number and types of contact she had with the Defendant's current appellate counsel prior to filing the Motion, if any; (3) the specific contact made with the Honorable William B. Traxler, Jr., Chief Judge of the United States Court of Appeals for the Fourth Circuit, referenced in the Memorandum, as well as Chief Judge Traxler's specific response thereto; (4) the basis upon which she filed the Motion sua sponte; and (5) who, if anyone, contacted her in advance about filing the Motion.

---

[4] A representative of the United States Attorney's Office for the Eastern District of Virginia shall appear at the show cause hearing. See supra note 1. Additionally, current appellate counsel for the Defendant and Ms. Ruth Elissa Friedman of the Federal Public Defender's Office for the District of Maryland may appear at the hearing if they so choose. Future hearings may be necessary, at which time the appearance of the foregoing counsel may be required, depending upon the outcome of the hearing on January 29, 2014.

The Clerk is **DIRECTED** to forward a copy of this Show Cause Order to Ms. Stanton; Ms. Friedman of the Federal Public Defender's Office for the District of Maryland; the Defendant; appellate counsel of record for the Defendant; and the United States Attorney for the Eastern District of Virginia.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

January 24, 2014