UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

      v.                          Criminal No. 4:08cr16-3

DAVID ANTHONY RUNYON,

        Defendant.

<u>MEMORANDUM ORDER</u>

This matter comes before the court on the Defendant's "Motion for Limited Unsealing of Record and for Leave to Review and Copy Materials in the Custody of the Court" ("Motion"), ECF No. 415, and Memorandum in Support thereof, ECF No. 416, filed through counsel on March 17, 2015. On March 18, 2015, the court ordered the United States to file responsive pleadings, Order, ECF No. 417, with which directive the United States timely complied on March 31, 2015 ("Response"). ECF No. 418.[1] On April 3, 2015, the Defendant filed his Reply. ECF No. 421. The Motion is now ripe for review.

By Memorandum Order of November 5, 2014, this court appointed Michele J. Brace of the Virginia Capital Representation Resource Center to represent the Defendant on collateral review in this court. ECF No. 410. In the instant

---

[1] Also on March 31, 2015, the Defendant filed his "Request for Leave to File Rebuttal Brief," ECF No. 419, which the court granted that same day. ECF No. 420.

Motion, the Defendant asks to copy various documents from the trial record, including juror questionnaires, the list of potential jurors who were peremptorily struck and the party which exercised each strike, and all documents filed ex parte or under seal. Mot. at 1. The Defendant asserts that "[i]n order to investigate whether Runyon's trial counsel rendered ineffective assistance with respect to the process of jury selection, postconviction counsel must review all of the materials that trial counsel possessed." Mem. Supp. Mot. at 2. The court does not disagree. Nor does the court disagree with the United States' position that the Defendant is not entitled to all of the material requested. See Resp. at 2. For the reasons stated below, the court **GRANTS in part** and **DENIES in part** the Motion.

## I. Juror Questionnaires

The Defendant requests a copy of the completed questionnaires of all prospective jurors who returned a questionnaire, in the form of a CD. Mem. Supp. Mot. at 1-3. The United States agrees that the Defendant is entitled to a copy of the questionnaires of the jurors who were brought into the courtroom for voir dire proceedings, but objects to the Defendant obtaining the questionnaires from the jurors who were either excused or were never called into the courtroom. Resp. at 2. In his Reply, the Defendant again asserts that postconviction counsel needs access to all of the juror

questionnaires, "in order to determine, for example, whether trial counsel unreasonably failed to challenge compliance with the jury selection procedures under 28 U.S.C. § 1861 et seq. and this Court's Plan for the Random Selection of Grand and Petit Jurors." Reply at 2.

As to the Defendant's request for all juror questionnaires, the court **GRANTS** the Motion, provided that counsel for the Defendant maintains the materials as filed under seal and returns all materials to the Clerk when the habeas litigation is complete, together with a sworn statement from counsel that the materials have been maintained under seal, and no copies thereof of any nature—paper, electronic, or otherwise—exist. The Clerk is **DIRECTED** to release copies of the questionnaires of all the prospective jurors who completed a questionnaire, to counsel for the Defendant and to the United States Attorney at Newport News. No contact, direct or indirect, may be made with any of the prospective jurors, or any juror who served at any juncture in the case, absent further order of the court.[2]

---

[2] Counsel for both parties are also reminded of Local Criminal Rule 24, as follows in relevant part:

> [N]o juror shall be approached, either directly or through any member of his or her immediate family, in an effort to secure information concerning such juror. . . . No attorney or party litigant shall personally, or through any investigator or any other person acting for the attorney or party litigant, interview, examine, or question any juror or alternate juror with respect to the verdict or deliberations of

## II. Peremptory Strike Lists

The Defendant next requests any peremptory strike lists. Mem. Supp. Mot. at 3. In support, the Defendant argues that "[i]nformation about who struck whom was known to trial counsel, and postconviction counsel needs that same information in order to investigate potential claims." Id. The United States does not object to postconviction counsel obtaining a copy of any peremptory strike lists that may exist. Resp. at 2. However, the United States requests that the Defendant be ordered to use the initials of jurors and not their full names, if postconviction counsel makes a claim regarding the strikes. Id. at 2-3. In Reply, postconviction counsel opposes the United States' request that juror initials be substituted for full names. Reply at 2-3.

As to the Defendant's request for peremptory strike lists, the court **GRANTS** the Motion, provided that counsel for the Defendant maintains the materials as filed under seal[3] and returns all materials to the Clerk when the habeas litigation is

---

the jury in any criminal action except on leave of Court granted upon good cause shown and upon such conditions as the Court shall fix.

E.D. Va. Loc. Crim. R. 24(A) & (C).

[3] The court notes that postconviction counsel must maintain the peremptory lists under seal. The court values and respects the personal identity and very private information, often revealed during the jury selection process, of those citizens called forth as potential jurors. This is more than enough of a "discernible reason," see Mem. Supp. Mot. at 4, for the court to order both parties to maintain the peremptory lists under seal.

complete, together with a sworn statement from counsel that the materials have been <u>maintained</u> <u>under</u> <u>seal</u>, and no copies thereof of any nature—paper, electronic, or otherwise—exist. However, to the extent that the Defendant uses the information in the peremptory strike lists in his habeas petition, the Defendant is **ORDERED** to use the initials of jurors and not their full names, or to use juror number identifiers.

### III. Sealed Docket Entries

Lastly, the Defendant requests all docket entries that were originally filed under seal or <u>ex</u> <u>parte</u>. The Defendant lists approximately one hundred records, including those filed by his co-defendants, Catherina Rose Voss and Michael Anthony Eric Draven. <u>See</u> Mem. Supp. Mot. at 4. The Defendant argues that the "pleadings filed by another defendant can be relevant, because they may show issues that Runyon's trial counsel should have been aware of, but did not pursue." <u>Id.</u> at 5.[4] In its Response, the United States does not object to the Defendant's request as to all sealed documents filed by the Defendant's trial counsel, but does object to the Defendant's request as to all other sealed documents filed by other parties. Resp. at 3.

---

[4] Such an argument is odd and a bit nonsensical. The purpose of new counsel on collateral review is to have the knowledge and expertise on her own to review what was filed and not filed on the Defendant's behalf, and to make any appropriate claim of ineffective assistance of counsel. Effective postconviction counsel should not need suggestions for such claims from other co-defendants' trial counsel.

"[A] district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984)).[5] As to the Defendant's request for all docket entries filed under seal or ex parte,[6] the court **GRANTS in part** and

---

[5] All docket entries that were filed ex parte or under seal were properly so designated at the time of filing and there was no claim to the contrary. Current habeas counsel has provided no basis for such a claim. In point of fact, the court has reviewed anew all of the submissions filed under seal and ex parte, and relatively few involve one of the co-defendants. Those that were filed on behalf of one of the co-defendants are basically ex parte motions for legal fees or on non-substantive matters, with none being relevant to the Defendant's collateral review process. To grant a defendant such broad access to sealed and ex parte filings by co-defendants would create an unwarranted precedent, whereby criminal defendants would not have confidence that their sealed and ex parte private filings would remain so and that these filings could be released for no good reason, other than for a "fishing expedition" by counsel for another defendant. See infra note 6. Moreover, like this court, the appellate court may review on its own all filings under seal or ex parte, if there is any reliable suggestion that something untoward lurks therein.

[6] Although in his Reply the Defendant asserts that "the United States reasonably expresses no objection to the release of documents filed ex parte," Reply at 3, the court does not read the United States' Response in such a manner. The United States neither specifically objects nor agrees to the release of all documents filed ex parte. However, the court does not see why the United States would object to the release of the co-defendants' sealed documents on the ground that such action would lead to a "fishing expedition," but acquiesce to the release of all ex parte documents, which the court submits could likewise lead to a "fishing expedition." See Resp. at 3; supra notes 4 & 5. Moreover, the United States objects to the release of the co-defendants' sealed files for not affecting the

**DENIES** **in** **part** the Motion. <u>Specifically,</u> <u>the</u> <u>Defendant</u> <u>is</u> <u>granted</u> <u>access</u> <u>only</u> <u>to</u> <u>those</u> <u>docket</u> <u>entries</u> <u>filed</u> <u>under</u> <u>seal</u> <u>or</u> <u>ex</u> <u>parte</u> <u>in</u> <u>the</u> <u>Defendant's</u> <u>case</u> <u>and</u> <u>on</u> <u>his</u> <u>behalf</u>.

The Clerk shall forward a copy of this Memorandum Order to counsel for the Defendant and to the United States Attorney at Newport News.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF JUDGE

April 7, 2015

---

Defendant and being unknown to trial counsel. <u>Id.</u> The court notes that this reasoning applies equally to <u>ex parte</u> documents.