# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | : | |
| Petitioner, | : | No. 4:15-cv-108 |
| | : | Original Criminal No. 4:08-cr-16-3 |
| v. | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | HON. REBECCA BEACH SMITH |
| | : | |

### PETITIONER'S FIRST MOTION FOR DISCOVERY
### AND TO PROTECT PETITIONER'S ABILITY
### TO ASSERT ATTORNEY-CLIENT PRIVILEGE
### AND CONFIDENTIALITY OF WORK PRODUCT,
### AND CONSOLIDATED MEMORANDUM OF LAW

Petitioner/Movant David Anthony Runyon, by counsel, hereby files his first motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Federal Rules of Civil Procedure, the Due Process clause of the Fifth Amendment, and the Eighth Amendment. In this motion, Petitioner Runyon asks for the production of recorded communications between the government and its trial experts, Drs. Paul Montalbano and Raymond F. Patterson, and leave to depose, and issue subpoenas duces tecum to, Drs. Paul Montalbano and Raymond F. Patterson. Petitioner also moves for an order permitting his attorneys' presence when the government interviews trial counsel.

Petitioner is a death-sentenced federal prisoner who initiated proceedings under 28 U.S.C. § 2255 challenging his convictions and sentence of death. The Fourth Circuit Court of Appeals has remanded the case for an evidentiary hearing to address the merits of the claim that trial counsel failed to investigate and present in mitigation evidence of Petitioner's brain damage and potential mental illness. After engaging in informal discovery practice with the United States Government

{1}

related to its trial experts, counsel have this day filed a discovery motion seeking those items which the government has either refused to provide or for which – although not declining to provide them – they have provided unsatisfactory or incomplete responses. Additionally, on March 8, 2022, the Court entered an order directing trial counsel to respond to the inquiry of the United States concerning Claim 6 in the § 2255 Motion. ECF No. 666. Petitioner seeks an order directing opposing counsel to include habeas counsel at the interview of trial counsel for the purpose of protecting Petitioner's rights and maintaining the narrow scope of the waiver of the attorney-client privilege. This Memorandum of Law demonstrates Petitioner should be allowed the requested discovery and order.

## THE LAW GOVERNING POST-CONVICTION DISCOVERY

A habeas corpus petitioner is entitled to discovery if he can establish "good cause" for his request. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). A petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). *See also* Rule 6 of Rules Governing Section 2255 Proceedings for the United States District Courts.[1]

In exercising its discretion and in determining whether Petitioner has established "good cause" for the requested discovery, this Court should be guided by the recognition that habeas

---

[1] Rule 6(a) states:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

corpus litigation is a <u>civil</u> proceeding. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (citing *Fay v. Noia*, 372 U.S. 391, 423-424 (1963)) (habeas proceeding is "not part of the criminal proceeding itself, and it is in fact considered to be civil in nature"); *Murray v. Giarratano*, 492 U.S. 1, 8 (1989); *Houston v. Lack*, 487 U.S. 266, 272 (1988); *Hilton v. Braunskill*, 481 U.S. 770, 775-76 & n.5 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature. . . Where [] the need is evident for principles to guide the conduct of habeas proceedings, it is entirely appropriate to 'use . . . [civil] rules by analogy or otherwise'" (quoting *Harris*, 394 U.S. at 294)); *Browder v. Dir. Dep't Corr.*, 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding.").

When a habeas petitioner has shown good cause for the discovery (*i.e.*, he has shown that the requested discovery will assist in proving the facts pled, which in turn would entitle him to relief), discovery must be allowed: "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 909 (quoting *Harris*, 394 U.S. at 299).[2]

"Good cause" for discovery exists when: (1) the petitioner makes credible allegations of a constitutional violation; and (2) the requested discovery will enable the petitioner to investigate and prosecute his claims. *See Bracy*, 520 U.S. at 908-09. In *Bracy*, the Supreme Court noted the

---

[2] *Accord McDaniel v. United States District Court*, 127 F.3d 886, 888 (9th Cir. 1997) (where Petitioner "presented specific allegations . . .[he] is entitled to discovery"); *Johnston v. Love*, 165 F.R.D. 444, 445 (E.D. Pa. 1996) (Rule 6's "history makes clear that its purpose is to ensure that the facts underlying a habeas corpus claim are adequately developed, and that it is a court's obligation to allow discovery in cases in which a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief."). The Advisory Committee Notes to Rule 6 of the § 2254 Rules, which are "fully applicable to discovery under the[] rules for § 2255 motions[,]" direct that "when there is a showing of good cause why discovery should be allowed," the district court's discretion to grant discovery is "to be exercised[.]" Advisory Committee Notes to Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts.

petitioner's allegations were "only a theory at this point," and "not supported by any solid evidence[.]" *Id.* at 908. The allegations, however, were specific enough to establish good cause for factual development even if the petitioner ultimately would "be unable to obtain evidence sufficient" for actual relief. *Id*. at 909. A sufficient showing of good cause, as required by Rule 6(a), therefore exists simply when a "petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) (citing *Harris*, 394 U.S. at 300).

The Supreme Court in *Blackledge v. Allison*, described "specific factual allegations" as allegations which are not "vague [or] conclusory," "palpably incredible," nor "patently frivolous or false." 431 U.S. 63, 75-76 (1977) (internal quotation marks and citations omitted). As applied in the Fourth Circuit, a petitioner could satisfy Rule 6(a) by making a "plausible indication" that a discovery request "might demonstrate" an entitlement to relief. *See Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003). "More specifically, a petitioner must 'state what he hope[s] to find,'" and how the information will "'help him prosecute his [action].'" *Lenz v. True*, 370 F. Supp. 2d 446, 455 n.2 (W.D. Va. 2005) (quoting *Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (per curiam)). When good cause is established, discovery must be allowed. *Harris*, 394 U.S. at 299-300; *see also id*. at 291 ("It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants, but must do so upon an appropriate showing."); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991) ("A court should grant discovery in its discretion where there is 'good cause' why discovery should be allowed.").

For the reasons set forth below, Petitioner demonstrates good cause for the discovery requested.

# APPLICATION OF THESE PRINCIPLES SHOWS THAT PETITIONER IS ENTITLED TO THE REQUESTED DISCOVERY

The Fourth Circuit's opinion in this case conclusively establishes that Petitioner's claim makes credible allegations of a constitutional violation.[3] By remanding for an evidentiary hearing, the Fourth Circuit determined Petitioner's allegations are not "so palpably incredible, so patently frivolous or false as to warrant summary dismissal," *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 76) (setting forth the legal standard for an evidentiary hearing). The query remaining is whether the requested discovery will enable Petitioner to investigate and prosecute his claims. Petitioner shows below the answer to that question is yes.

The information sought is relevant to the issue before the court. Petitioner has pled: (1) that trial counsel was alerted to mental health evidence—Petitioner's brain damage and possible mental illness—but did not conduct a reasonable investigation to develop that mitigating evidence; and (2) that presentation of the evidence would likely have swayed at least one juror from voting for death to voting for life imprisonment.

> Petitioner pled:
>
> Mental health mitigation would have: (1) been consistent with the evidence defense counsel presented at the penalty phase; (2) provided context and an explanation for Runyon's life trajectory; (3) countered the aggravating evidence; (4) established substantial statutory and non-statutory mitigating circumstances; and, (5) added substantial weight to the mitigators already found by the jury. In short, mental health mitigation was the missing ingredient for a life sentence.
>
> Counsel were either rendered ineffective by a lack of time to conduct an adequate investigation or counsel failed to effectively investigate and/or ignored red flags suggesting Runyon's brain damage and mental health difficulties. Brain damage substantially affects Runyon's problem-solving abilities. His actions are

---

[3] *United States v. Runyon*, 994 F.3d 192, 209 (4th Cir. 2021) ("[W]e conclude that Runyon has made a colorable claim that his trial counsel's performance was objectively unreasonable and that the material facts necessary to resolve this issue are fairly in dispute.").

> substantially affected by brain damage, mental illness, and other predisposing factors. This powerful mitigation evidence was easily provable at the time of trial through records, lay witnesses and expert witnesses.

ECF No. 511, at 4447.

> Defense counsel does not remember the results of the brain scans or why Dr. Mirsky and Dr. Merikangas did not testify. Hudgins declaration, ¶6, Ex. 5. Had counsel presented expert testimony, it would have established the statutory mitigating circumstances of "impaired capacity" and "disturbance." 18 U.S.C. §§ 3592(a)(1) & (a)(6). Expert testimony also would have explained that Runyon's impaired mental state and impaired decision-making abilities are not of his own volition which bears directly on Runyon's lesser moral culpability. Finally, expert evidence reveals the type of brain abnormality and cognitive defects that the Supreme Court has deemed highly relevant to assessing a defendant's moral culpability.

ECF No. 511, at 4464-65.

### A. Records of communications between the prosecution team and the prosecution's mental health experts

Petitioner requests an order directing the government to disclose all records of communications between the prosecution team and the prosecution's mental health experts including, but not limited to: instructions regarding the scope and nature of work on this case; correspondence to and from mental health experts; resumes, curriculum vitae, and other bona fides received from mental health experts; cover letters accompanying background material provided to mental health experts; and research, articles, and any other material provided by mental health experts.

Based on the government's representations, counsel believe they have all the background materials the prosecution team provided Drs. Patterson and Montalbano. But counsel do not have any records of communications between the prosecution team and the mental health experts. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring disclosure of materials relied upon by an expert witness). Opposing counsel have stated that a search of their files did not result in any records responsive to

this request.[4] Opposing counsel indicated this statement would be verified but, as of today's date, Petitioner has not received a response.

Any substantive writing from the prosecution to the expert witness arguably may have been relied upon or could influence the expert's opinion and/or testimony. Moreover, any writing from the expert to the prosecution would constitute a statement of the witness which should have been disclosed in the normal course at trial. Such writings would also be probative of the evaluator's state of mind at the time of the evaluation and/or testimony, to which Petitioner would also be entitled.

This information is relevant to the issue of whether trial counsel failed to investigate and present in mitigation evidence of Petitioner's brain damage and potential mental illness. These communications are likely to lead to the discovery of admissible evidence, and will therefore assist him in proving his claims.

### B. Depositions and Subpoenas Duces Tecum

Petitioner requests an order allowing him to depose the government's mental health experts and to issue subpoenas duces tecum for those experts to appear at deposition with copies of their records related to Petitioner's case.

Counsel have made several inquiries to opposing counsel as to whether they would voluntarily make their mental health experts available for deposition. A conclusive answer has not been provided as of today's date. Information provided by these experts is relevant to the issue of

---

[4] In February 2022, about an hour after the parties met and conferred by telephone, the government's paralegal sent by email a message indicating only that they had "no written notes from Dr. Montalbano or Dr. Patterson."

whether trial counsel failed to investigate and present in mitigation evidence of Petitioner's brain damage and potential mental illness.

Petitioner believes that these depositions will lead to the discovery of admissible evidence, and will therefore assist him in proving his claims. Depositions are routine discovery tools in civil litigation. Since this litigation is governed, in large part, by the civil rules, and civil discovery is available, Petitioner submits that he too should be permitted to utilize this routine tool in order to timely and comprehensively prepare for the evidentiary hearing. In a matter as complex and grave as this death penalty litigation, Petitioner should not be limited to eliciting testimony only at an evidentiary hearing. This is particularly so when he has already alleged claims regarding the ineffective assistance of trial counsel that would entitle him to relief.

Moreover, deposition testimony of the government's mental health experts could corroborate the mitigation evidence submitted in support of Petitioner's claim. Such testimony could efficiently clarify the current record, described by the Court of Appeals as "murky,"[5] and possibly obviate the need for a full evidentiary hearing.

Copies of the experts' records in this case, including handwritten notes, audio or video recordings, and raw data generated during the evaluation of Petitioner, are relevant to the ineffective assistance of counsel claim. For example, handwritten notes obviously would constitute statements of any testifying witnesses, and even as to those witnesses not testifying, they could be probative if at variance with the formal typewritten reports provided to trial counsel before the sentencing phase.

---

[5] *United States v. Runyon*, 994 F.3d 192, 208 (4th Cir. 2021) ("Given that the relevant evidence is murky, we conclude that an evidentiary hearing should be conducted to resolve the issue.").

### C. Physical presence at the government's interviews of trial counsel

Petitioner requests an order providing for habeas counsel's physical presence at the government's interviews of trial counsel, for the purpose of protecting Petitioner's right to due process of law, his Sixth Amendment right to the effective assistance of counsel, his right under 18 U.S.C. § 3599 to the assistance of counsel, and his right under 28 U.S.C. § 2255 to a fundamentally fair post-conviction proceeding, and maintaining the narrow scope of the waiver of the attorney-client privilege and work product confidentiality.

On March 8, 2022, the Court entered an order, "permit[ting] and direct[ing]" trial counsel to "respond to the inquiry of the United States concerning Claim 6 in the Section 2255 motion." ECF No. 666. Undersigned counsel have asked the government if Petitioner's current counsel can be present during these interviews but, as of this date, opposing counsel have not supplied a response. Trial counsel also have been unresponsive to the undersigned's recent requests to meet about this case.

Counsel's presence at the government's upcoming interviews of trial counsel is necessary because the information elicited will be relevant to the issues before the Court. The government will be asking questions about the ineffective assistance of counsel claim for the purpose of obtaining evidence on the issue, and asking trial counsel to provide materials and/or documents related to the claim. *See* United States' Mot. Permit Trial Counsel to Respond at 6 (Jan. 28, 2022), ECF No. 658. Any statements by counsel will constitute prior statements on the substantive issues and are, therefore, probative and discoverable.

Additionally, the presence of Mr. Runyon's habeas counsel will ensure the parties agree on the scope of information provided in the interview, that Respondent's inquiries are limited to the scope of Mr. Runyon's narrow waiver of attorney-client privilege, and that any disclosures are

consistent with Mr. Runyon's constitutional and statutory rights and trial counsel's ethical responsibilities. *See, e.g.*, *Amato v. United States*, No. 19-19449, 2021 U.S. Dist. LEXIS 5507, at *9–10 (D.N.J. Jan. 12, 2021) (requiring habeas counsel be permitted to attend government's interview with trial counsel regarding ineffective assistance of counsel claims, to "allay any fears Petitioner has about the scope of [the government]'s questioning"); *United States v. Soomai*, 928 F. Supp. 2d 170, 173 (D.D.C. 2013) (granting petitioner's request for protective order requiring any communications and disclosures between previous counsel and government regarding ineffective assistance of counsel claims occur in the presence of his current counsel to best "protect all relevant interests, including the ethical obligations of former counsel, the need for a movant to protect his ongoing interests in the attorney-client relationship, and the need for both parties to litigate the claim"). This also will ensure that any materials produced by trial counsel are appropriately redacted and fall within the scope of Mr. Runyon's narrow waiver.

Providing for the presence of Mr. Runyon's habeas counsel would help implement former counsel's "basic duty under any jurisdiction's standards of professional conduct to protect [Mr. Runyon's] attorney-client privilege." *See Courtade v. United States*, 243 F. Supp. 3d 699, 703 (E.D. Va. 2017) (internal quotation marks and citation omitted). In complying with the Court's March 8, 2022, order, ECF No. 666, trial counsel must use discretion in determining how to respond to the inquiries of the United States; trial counsel remain ethically bound by an objective standard separate and apart from any court order.[6] The presence of Mr. Runyon's habeas counsel

---

[6] The attorney's duty of confidentiality is broader than the attorney-client privilege. *See* Va. R. Prof. Conduct 1.6, Comment 3. Virginia Rule of Professional Conduct 1.6(b) provides a lawyer may reveal information only: "[t]o the extent a lawyer reasonably believes necessary," Va. R. Prof. Conduct 1.6(b). "[D]isclosure should be no greater," and "made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate

would ensure that disclosures by trial counsel do not run afoul of Mr. Runyon's Sixth Amendment rights, and provide the opportunity for consultation or guidance to trial counsel beyond general reference to the ineffective assistance of counsel claim. *Cf. United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009) (assessing the lower court's order compelling a declaration from petitioner's trial counsel by "generally" referring to claims of ineffective assistance of counsel, and finding that "such a requirement should ideally be carefully tailored to protect prisoners' Sixth Amendment rights"). Without habeas counsel's presence, there is an unnecessary risk that trial counsel could improperly reveal privileged information and the government could seek to improperly use that information against Petitioner. *See generally United States v. Nicholson*, 611 F.3d 191 (4th Cir. 2010). Just as in *United States v. Nicholson*, where the trial attorney did not perceive the actual conflict of interest later found by the Court of Appeals, 611 F.3d at 204, Mr. Runyon's trial counsel are not in the best position to perceive the scope of Mr. Runyon's Claim 6 and determine whether Respondent's questions remain within the confines of the limited attorney-client privilege waiver. Providing for habeas counsel's presence would allow for an appropriate record to be made, would protect Mr. Runyon's rights, and would help to ensure trial counsel can uphold their duties under the standards of professional conduct.

**CONCLUSION**

For all of the above reasons and based upon the full record before this Court, Petitioner requests that the Court enter an order providing:

(a) discovery including production of records of any communications between the government and its trial experts, Drs. Paul Montalbano and Raymond F. Patterson;

---

protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable." Va. R. Prof. Conduct 1.6, Comment 10.

(b) leave to depose, and issue subpoenas duces tecum to, Drs. Paul Montalbano and Raymond F. Patterson; and

(c) for habeas counsel's physical presence at the government's interviews of trial counsel, for the purpose of protecting Petitioner's rights and maintaining the narrow scope of the waiver of the attorney-client privilege.

Respectfully Submitted,

/s/Elizabeth J. Peiffer
Elizabeth J. Peiffer, VSB No. 71353
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

/s/Dana C. Hansen Chavis, pro hac vice
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I have electronically filed the foregoing **PETITIONER'S FIRST MOTION FOR DISCOVERY AND TO PROTECT PETITIONER'S ABILITY TO ASSERT ATTORNEY-CLIENT PRIVILEGE AND CONFIDENTIALITY OF WORK PRODUCT, AND CONSOLIDATED MEMORANDUM OF LAW** with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

/s/Nancy Hernandez
  Nancy Hernandez
  Paralegal, Capital Habeas Unit
  nancy_hernandez@fd.org