IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| DAVID ANTHONY RUNYON, ) | |
| ) | |
| Petitioner ) | CRIMINAL ACTION NO.: 4:08cr16 |
| ) | CIVIL ACTION NO.: 4:15cv108 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **CAPITAL § 2255 PROCEEDINGS** |
| ) | |
| Respondent. ) | HON. REBECCA BEACH SMITH |

**RESPONSE OF THE UNITED STATES TO PETITIONER'S FIRST MOTION FOR DISCOVERY AND TO POTECT PETITIONER'S ABILITY TO ASSERT ATTORNEY-CLIENT PRIVILEGE AND CONFIDENTIALITY OF WORK PRODUCT, AND CONSOLIDATED MEMORANDUM OF LAW**

COMES NOW the United States of America, by and through its attorneys, Jessica Aber, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Carrie L. Ward, Dept. of Justice Trial Attorney, and submits this Response of the United States to Petitioner's First Motion for Discovery and to Protect Petitioner's Ability to Assert Attorney-Client Privilege and Confidentiality of Work Product, (ECF 670 "the instant motion"), filed by Petitioner DAVID ANTHONY RUNYON (hereinafter "Runyon" or "the defendant"). The United States respectfully requests that the instant motion be denied.

**I.     Procedural History**

On February 13, 2008, a federal grand jury returned a five-count indictment charging defendant Runyon, and co-defendants Michael Draven and Catherina Voss, with Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958(a) (Count 1); Carjacking Resulting in Death, in violation of 18 U.S.C. §§ 2119 and 2 (Count 2); Bank Robbery Resulting in Death, in violation of 18 U.S.C. §§ 2113(a),(e) and 2 (Count 3); Conspiracy to Commit Robbery Affecting

1

Commerce, in violation of 18 U.S.C. § 1951(a) (Count 4); and Murder with a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(j) (Count 5). ECF 3. The indictment also provided the notice of special findings for the death penalty pursuant to 18 U.S.C. §§ 3591, 3592. *Id.*

The trial of Runyon and Draven began on June 30, 2009, and the guilt phase continued until July 17, 2009, involving over 50 witnesses and over 300 exhibits. On July 15, 2009, the Court dismissed Count 3 pursuant to Rule 29. On July 17, 2009, the jury found both defendants guilty on Counts 1, 2 and 5, and not guilty on Count 4. ECF 245.

Prior to trial, the defendant was examined by his own mental health experts and two experts retained by the United States, Dr. Paul Montalbano (a psychologist) and Dr. Raymond Patterson (a psychiatrist). These examinations were conducted pursuant to an order of this Court in February 2009. Protocol was ordered that prevented the government from having any access to the reports and/or findings of these mental health experts unless the defendant affirmed his intention to make use of mental health evidence at trial. ECF 65, 66. Following the return of the guilty verdict, the Court set additional timeframes for the defendant to file notice confirming or disavowing his intent to introduce mental health evidence. Although the defendant did confirm his intent to do (and did, in fact, have Dr. Mark Cunningham testify at the sentencing phase), he elected not to present further mental health evidence that would have required rebuttal by the government's experts. ECF 248. The defendant had additional mental health examinations by additional experts following the guilt phase of the trial.

The eligibility phase of the sentencing was held on July 22, 2009. No evidence was presented and following argument the jury that found Runyon intentionally killed Cory Voss. ECF

255. The jury also found the United States had proven the two noticed statutory aggravating factors. *Id.* at pgs. 5-6.6

The selection phase of trial began on August 19, 2009. On August 21, 2009, Runyon submitted mitigating factors. ECF 285. The jury returned on August 27, 2009, and found four additional non-statutory aggravating factors, two statutory mitigating factors, and a number of non-statutory mitigating factors. ECF 291. The jury recommended death on Counts 1 and 5 and life imprisonment on Count 2. *Id.* at p. 5. On September 30, 2009, Runyon filed a motion to set aside the verdict, challenging certain victim-impact evidence. ECF 297. The Court denied Runyon's motion on October 27, 2009. ECF 299. Runyon was sentenced to death and filed a timely notice of appeal. ECF 312.

On February 25, 2013, Runyon's conviction and sentence were affirmed on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). On October 6, 2014, the Supreme Court denied Runyon's petition for a writ of certiorari. *Runyon v. United States*, No. 13-254 (Oct. 6, 2014). On October 5, 2015, Runyon filed his motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. ECF 478. The United States filed its response to Runyon's § 2255 motion on January 11, 2016. ECF 497.

On October 5, 2015, pursuant to 28 U.S.C. § 2255, the defendant filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 motion"). On January 19, 2017, the Court filed its opinion denying Runyon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF 560. The Court also denied a certificate of appealability. The defendant appealed and the United States Court of Appeals issued a limited certificate of appealability on four issues, including Claim 6 related to the alleged failure to investigate and/or introduce mental health evidence in the selection phase of the trial. ECF 607.

On February 12, 2021, the Fourth Circuit Court of Appeals issued an order partially reversing and remanding this case for an evidentiary hearing to determine, pursuant to Claim 6 of Runyon's Section 2255 Motion, whether his counsel was constitutionally ineffective in failing to investigate and present mitigating evidence of brain injury and potential mental illness. *United States v. Runyon*, 994 F.3d 192 (Feb. 12, 2021). ECF 622. Accordingly, the evidentiary hearing will focus on whether former trial attorneys Lawrence H. Woodward, Jr., and (now Judge) Stephen A. Hudgins were ineffective and whether prejudice accrued to the defendant.

On November 15, 2021, in a post-remand status conference, the Court consulted with the parties and inquired as to the schedule associated with the evidentiary hearing. The parties advised the Court that discovery issues were being discussed and pursued. The United States further indicated at that time that it would require access to trial counsel's file and the ability to be able to seek a response from former trial counsel in preparation for the anticipated evidentiary hearing.

Following the status conference, the United States sought permission from the Court for trial counsel to be permitted to respond to the allegations in Claim 6. ECF 658. Current habeas counsel for the defendant responded and requested various limitations and the right to be present at any interview session with former trial counsel. ECF 660. The United States replied that such proposed limitations were unnecessary and unwarranted. ECF 662. On March 8, 2022, the Court entered an order permitting and directing former trial counsel to respond to the inquiry of the United States. ECF 668. None of the limitations proposed by the defendant were included in the Court's order. The United States made arrangements in the days following the Court's order of March 8, 2022 to informally interview former trial counsel on March 29, 2022. These arrangements were set prior to the filing of the instant motion and renewed request for habeas counsel to be present at any interview.

On March 29, 2022, the United States interviewed former trial counsel for the defendant. Both attorney Woodward and Judge Hudgins were made aware of current counsel's request to be present, but were willing to proceed with the scheduled interview. Additional information was obtained, beyond the limited declarations submitted by trial counsel as attachments to the defendant's Section 2255 motion.

On April 13, 2022, the parties will appear before the Court for another status hearing. On March 21, 2022, the defendant filed the instant motion seeking discovery from the government and its experts and raising anew his request for habeas counsel to attend any government interviews with trial counsel. The United States herein responds and asserts that the defendant is not entitled to any of the claimed relief at this time.

## II.     Legal Requirements for Discovery in Section 2255 Proceedings

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in this setting can occur only with leave of the court, upon a showing of good cause. *See* Rule 6(a) of the Rules Governing § 2255 Cases. In other words, a defendant "may invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of discretion and for good cause shown, grants leave to do so, but not otherwise." *Hall v. United States*, 30 F. Supp.2d 883, 899 (E.D. Va. 1998). "Good cause" for discovery exists when a petition for habeas corpus establishes a prima facie case for relief. *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). Specifically, discovery is warranted under Supreme Court and Fourth Circuit precedent, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969)); *United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004) (affirming denial of multiple

discovery requests). In *Roane*, the Fourth Circuit rejected the defendants' argument that the trial judge erred by granting summary judgment on some claims without first permitting discovery. *Roane*, 378 F.3d at 403-04.

Particularly applicable here, a request for discovery must rely on specific factual allegations: discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999); *accord, United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). A defendant may not use discovery to go on a "'fishing expedition' through the Government's files in search of evidence to support an imagined and fanciful claim." *United States v. Lighty*, 2014 WL 5509205, at *3 (D. Maryland Oct. 30, 2014) (citing *Wilson*, 901 F.2d at 381)). "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996); *see Roane*, 378 F.3d at 403 (reviewing, for abuse of discretion, the denial of discovery in a § 2255 case). Once good cause is shown, the district court has discretion regarding the scope and extent of discovery. *Bracy*, 520 U.S. at 909.

### III. **Runyon Has Failed to Establish Good Cause for Discovery**

In the instant motion for discovery, Runyon specifically requests (i) production of recorded communications between the government and its trial experts, Drs. Paul Montalbano and Raymond F. Patterson; (ii) leave to depose, and issue subpoenas duces tecum, to Drs Paul Montalbano and Raymond F. Patterson.[1] The government avers that any request for documentary evidence is moot. Additionally, for the reasons set forth below, the request for depositions of government's

---

[1] As discussed further herein, the defendant also moved for an order permitting his attorneys' presence when the government interviewed his trial counsel. ECF 670 at 1. However, on February 11, 2022, Petitioner made this same request to the Court, in his Response to the Government's Motion to Direct Former Trial Counsel to Respond to § 2255 Allegations. ECF 660. On February 18, 2022, this Court granted the Government's motion without granting the defendant's requested limitations. ECF 663. The defendant did not file a motion for reconsideration of the order. See, Fed. R. App. Proc. Rule 27(b). Government counsel did briefly and informally interview both trial defense counsel, separately, on March 29, 2022.

anticipated trial experts is an issue where the defendant has not met his burden and is not yet ripe for determination.

### A. Production of recorded communications between the government and its trial experts, Drs. Pau Montalbano and Raymond F. Patterson.

On March 1, 2022, the parties held a joint telephone conference to discuss ongoing discovery matters. At that time, counsel discussed the informal production of all written materials, from both sides. This included a specific discussion about the government's production of all written materials related to the governments' anticipated trial experts, Drs. Montalbano and Patterson. Immediately following that conversation, a representative from the U.S. Attorney's office confirmed via email that "Per your request today, we have double checked our files and can confirm that we have no written notes from Dr. Montalbano or Dr. Patterson." As the defendant acknowledges, the government has provided all matters responsive to this request and an order for production is unnecessary.

### B. Depositions and Subpoenas Duces Tecum

Drs. Montalbano and Patterson were retained by the government after receiving trial counsel's initial Rule 12.2 notice of intent to use mental health evidence. Prior to the examinations conducted by these doctors, which occurred in or around February 2009, the United States provided various case materials to the doctors, which were then listed and itemized in the reports of the doctors that have been produced to all parties. Although these same materials were provided to trial counsel, at the request of current counsel, they were provided anew to habeas counsel during the informal discovery process in January and February 2022.

After the guilt/innocence phase of the trial in 2009, trial counsel sought and received approximately 30 days to complete its mitigation investigation in preparation for the penalty phase of the trial. ECF 254. On June 30, 2009, Drs. Patterson and Montalbano's reports were filed under

seal. ECF 276, 277. On July 21 and 22, 2009, the United States and former trial counsel received copies of the reports of Drs. Patterson and Montalbano. ECF 250, 252. These reports were later unsealed by Court order on March 2, 2016. ECF 519. Consistent with trial counsel's guilt phase strategy, David Runyon "adamantly maintained that he was innocent of the charges and stated that he disagreed with any legal strategy to absolve him of responsibility or culpability for actions he did not commit." ECF 277 at 30. Dr. Montalbano concluded that, "Mr. Runyon does not suffer from any major mental illness. There is however evidence of personality dysfunction" and "no significant impairment in overall intellectual function." Id.

During the course of this period of informal discovery, the parties exchanged written matters responsive and/or relevant to the issues raised in Claim 6 of the Section 2255 appeal. However, the government has long averred, and raised this point at the initial status conference with the Court, that witness lists and more specific discovery requests were not yet timely. The deadline agreed upon for documentary discovery was January 31, 2022. ECF 657. Although not all matters were submitted by the deadline, matters proceeded without issue between the parties, and the defendant submitted a final set of documents on approximately March 3, 2022. As noted at the November conference, discovery was anticipated to be and, in fact, was voluminous and has taken time to review and inform the scope of the parties' investigations to determine what, if any, actions, were necessary to undertake more formal discovery pursuant to Rule 6 of the Rules Governing § 2255 proceedings.

In the instant motion, the defendant has claimed that the United States has not been responsive to various requests he has made. That is certainly not the view of the United States. There have been a variety of informal discussions and efforts to resolve discovery matters. On March 1, 2022, in fact, the parties discussed the status of this informal (documentary) discovery

8

exchange and discussed the potential need for depositions, specifically as to expert witnesses. At that time, the government averred that since the documentary discovery was just completed it would take some time to determine any appropriate witness lists in anticipation of the evidentiary hearing. However, it was noted that those witnesses that would be required by the parties, or the Court, for in-court testimony should be excluded from any request for depositions. As contemplated in the initial scheduling order, the parties were to "discuss any additional anticipated needs for investigation and further motions to conduct discovery, pursuant to Rule 6(a) of the Rules Governing § 2255 Cases and the Federal Rules of Civil Procedure. Parties shall discuss anticipated needs for discovery , potential expert concerns, …" ECF 657.

The government submits that the parties be prepared to discuss the matter of witnesses and possible depositions at pending status conference with the Court. Many of the witnesses identified via declarations provided in support of the Section 2255 petition, or otherwise relied upon by the defendant's current experts may well be handled by declaration and/or cross-declaration alone. The expert witnesses simply are, for obvious reasons, a more complex issue. As set forth below, the government further submits that the issue of former trial counsel's testimony is more appropriate to be undertaken in the immediate future.

In regard to experts, however, on March 24, 2022, the government secured funding to contract Dr. Daniel Martell as an expert consultant. On March 30, 2022, the government provided this information to habeas counsel and requested that all expert materials not yet provided, which includes the "brain scans" mentioned in his expert declarations, be sent directly to Dr. Martell.[2] Dr. Martell's assessment will be dependent upon his review of those documents and other expert

---

[2] The United States learned that these brain scans have been sent to Dr. Martell.

materials, and he will inform the course of the government's investigation into the issues giving rise to Petitioner's claim of ineffective assistance of counsel.

As to the government's prior trial experts, Drs. Montalbano and Patterson, their role in the present evidentiary hearing remains unclear and unspecified by the defendant. Drs. Montalbano and Patterson would have testified only in rebuttal at the sentencing phase had a mental health defense been pursued. It is difficult to ascertain how the government's experts, whose reports were submitted and review by former trial counsel, pertain to any performance based inquiry of former trial counsel. If this Court should proceed to a prejudice inquiry after a finding of deficient performance by trial counsel, it would necessarily consider "the totality of the available mitigation evidence — both that adduced at trial, and the evidence adduced in the habeas proceeding." *Porter v. McCollum,* 558 U.S. 30, 41 (2009)(citations omitted). But the information provided by the government's experts was hardly mitigating.

The scope of the defendant's request for discovery is also quite broad, seeking "copies of the experts' records in this case, including handwritten notes, audio or video recordings, and raw data generated during the evaluation of Petitioner, are relevant to the ineffective assistance of counsel claim." ECF 670 at 8. The governments' reports and other materials were provided to trial counsel, prior to the start of the penalty phase proceedings and provided to his defense experts in accordance with the Court's prior orders. There is no claim that certain materials were withheld, either then or now, and the defendant provides this Court with no authority for such an expansive demand for discovery.

The defendant fails to identify "good cause" that would explain how unspecified additional materials, not required for disclosures at the time of trial, would possibly inform this Court's inquiry as to whether trial counsel's performance was deficient. Additionally, habeas counsel have

failed to demonstrate that more permissive measures, such as informal interviews, would not be adequate. Depositions are not routinely granted in Section 2255 proceedings. *United States v. Hollis*, 2010 WL 892196 (D. Alaska 2010). The defendant apparently never sought to interview the government's experts when preparing for filing his Section 2255 petition and he does not explain why such measure is necessary to address Claim 6, beyond the general claim that such effort will lead to additional information.

Claim 6 focuses on trial counsel's performance regarding their investigation of this mental information. The government foresees that the trial actors will be necessary for in-person testimony, to include both trial counsel, possibly Drs. Mirsky and Merikangas, and Dr. Evan Nelson.[3] Drs. Montalbano and Patterson would be necessary to testify only in rebuttal. While that will include a synopsis of their pretrial investigations, clinical assessments of Runyon (conducted prior to the trial), and their reports, a deposition prior to the completion of discovery and presentation of the defendant's evidence at the hearing is simply premature. Allowing such a procedure out of turn would stymy the government's ability to prepare and present a robust case in rebuttal, if its experts were locked into testimonial depositions without exposure to the full scope of the evidence at issue.

At this stage and based on the proffer in the defendant's motion for depositions, this is unduly burdensome. There is no proffer as to the costs that will be incurred, allocation of expenses, or how this is necessary due to the likelihood of the experts' in-court testimony. In this case, there is no evidence that the depositions — an unusual and unduly burdensome process — will yield information that cannot "be obtained from some other source that is more convenient, less

---

[3] The defendant provided various emails from Dr. Nelson in its recent discovery production that had not been shown to trial counsel at the time of their declarations. But no report of Dr. Nelson has been provided to the United States.

11

burdensome, or less expensive" than via deposition. *See, Phillips v. Indianapolis Life Ins. Co.* No. 1:060-CV-1544-WTL-JMS, 2009 WL 1564384, at *2 (D.S. Ind. June 3, 2009)(quoting Fed. R. Civ. Pro. 26(b)(2)(C)). Habeas counsel can and should explore informal, permissive interviews with the experts at issue, prior to seeking this Court's authorization for the most expensive avenue of discovery. Runyon fails to demonstrate good cause for discovery in this proceeding for either depositions and/or subpoenas. For the reasons stated above, this motion should be denied.

### C. Interviews of Trial Counsel have been Completed and Will Give Rise to Additional Motions, Pursuant to Rule 6(a).

Finally, Runyon also renews his previously considered request for an order requiring habeas counsel's presence at the government's informal interviews of trial counsel. In yet another phone conversation on or about March 18, 2022, government counsel informed habeas counsel of its intent to complete such interviews prior to the April 13, 2022 status conference. Although not raised as a request for reconsideration of the Court's order authorizing the interview, this is essentially what habeas counsel request. Both trial counsel were informed of the Court's order and Runyon's subsequent request that habeas counsel be present. Both former trial counsel agreed to proceed with the informal interview without habeas counsel's presence and former trial counsel were interviewed separately on March 29, 2022.

Based on the information obtained in those interviews, the government intends to file for additional discovery, requesting —at a minimum—all matters between former trial counsel, Jon Babineau and mental health experts and/or consultants, to include Dr. Evan Nelson and Sheila Cronin and, potentially, orders allowing government counsel to interview petitioner's expert witnesses.

It is clear upon a review of emails produced in discovery and the recent interviews of trial counsel that the decision to pursue a mitigation case not focused on mental health evidence was a

considered one by trial counsel. It also was not made without the consultation of mental health professionals. Dr. Nelson was originally contracted as a mental health consultant to the original trial team, and both counsel recall reviewing information (in the form of possibly a preliminary report) that included a diagnosis and/or assessment that was adverse to a potential mental health strategy, at least in the penalty phase of the proceedings. Based on that report, Drs. Merikangas and Mirsky were retained to conduct additional investigation, assessments, and render a second opinion. According to both trial counsel, Dr. Nelson's derogatory opinion would have been required for production, had they presented mental health evidence in the sentencing phase of the trial. However, the apparent scope of Dr. Nelson's evaluation has not yet been disclosed. Such information may certainly bear on the decisions made by trial counsel.

### D. The Government Proposes a Discussion of a Bifurcated Hearing at the April Status Conference.

In its opinion remanding the case, the Fourth Circuit stressed that the record needed to be developed as to whether trial counsel made a strategic choice not to present mental health evidence. Based on information gathered in its informal interviews with trial counsel, there is certainly information to be presented to the Court that will directly address this issue. For several reasons, it is in the best interest of judicial economy to bifurcate the pending evidentiary hearing, and first take evidence as to whether trial counsel's performance was in fact ineffective at the time of trial. In doing so, this may indeed "obviate the need for a full evidentiary hearing." ECF 670. Judge Hudgins disclosed in the March 29th interview that he is suffering cancer (initially diagnosed in or about 2018) and has just completed final rounds of chemotherapy. In May 2022, he will get a schedule for a new course of treatment that was recently approved by the FDA. That will impact his availability in later months, due to visits and resulting impacts on his health.

The government suggests that it would be prudent to take trial counsels' in-court testimony first, so that the parties and the Court do not lose the opportunity to assess counsels' credibility and complete the strategic inquiry. In so doing, the parties can more efficiently proceed with the prejudice investigation, and the cumbersome efforts to coordinate schedules with the various expert witnesses for both sides, without risking the loss of material evidence.

The government submits that the parties discuss the viability of this proposal at the April status conference. Beyond the necessity of securing the evidence, it is simply in the interests of judicial economy. The government agrees that this may "obviate the need for a full evidentiary hearing." ECF 670. Should the documentary evidence and testimony of the trial counsel convince this Court that the strategy was in fact sound, and no error occurred, that may obviate any need to continue with the time and greater expense in determining whether prejudice resulted, if no error in fact occurred. Failure to satisfy either prong of the *Strickland* test is fatal. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984).

### IV. Conclusion

For the foregoing reasons, the Court should deny the instant motion.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY


By: _____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Brian J. Samuels
Assistant United States Attorney
Carrie Ward, Trial Attorney, Department of Justice
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300

721 Lakefront Commons
Newport News, VA 23606
Ph: (757) 591-4000
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on April 4, 2022, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system who will send notice to all filers.

By: /s/
Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757-591-0866
Email: Brian.Samuels@usdoj.gov