**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| DAVID ANTHONY RUNYON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 4:15-cv-108 <br><br> Initial Criminal No. 4:08-cr-16-3 <br> CAPITAL § 2255 PROCEEDINGS <br> HON. REBECCA BEACH SMITH |

**MEMORANDUM IN SUPPORT OF
PETITIONER'S MOTION FOR CONTINUANCE
OF APRIL 14, 2023, SCHEDULING SUBMISSION**

Counsel for Petitioner respectfully submits this Memorandum in Support of the Motion filed herewith, and to update the Court on Petitioner's receipt and initial review of recently transferred physical and electronic case files from former counsel. As explained in more detail below, the initial review of these files has revealed a tremendous volume of materials that will require significant time and effort to review. The undersigned counsel also learned this week that former counsel has identified additional case files that have not been sent. In light of these and other issues discussed below—which were unknown to undersigned counsel until materials were received from former counsel and reviewed this week—Petitioner believes that additional time is necessary to allow the undersigned counsel to receive and review the additional files, ascertain the

1

scope and complexity of the review, and confer with the government on a document production plan that will enable the undersigned counsel, along with Petitioner's proposed co-counsel[1], *see* ECF No. 803, to conduct an efficient and reliable review of the transferred case files. Accordingly, Petitioner requests a continuance of three weeks from April 14, 2023, *see* ECF No. 800, until close of business on May 5, 2023, to submit to the Court a proposed schedule for disclosure to the United States and a proposed date for resumption of the evidentiary hearing. Counsel for the United States has stated that the United States will take a position upon reviewing the motion.

1. Pursuant to this Court's order, ECF No. 796, Petitioner's counsel confirmed arrangements with the staff of the Federal Defender Services of Eastern Tennessee, Inc. to receive physical and electronic files in Mr. Runyon's case that have been in prior counsel's custody throughout this case.

2. As described in the February 24, 2023, Declaration of Gianna Maio Regarding File Transfer, ECF No. 795-1, prior counsel confirmed with Petitioner's counsel that it would identify, assemble, and deliver via FedEx all boxes of paper files in Mr. Runyon's case. Prior counsel further confirmed with Petitioner's counsel that it would send via FedEx during the week of April 3, 2023, an external hard drive containing digital files related to Mr. Runyon's case, including prior counsel's internal "H drive file," files stored on the Summation and Eclipse software platforms, and digital versions of paper files that prior counsel had identified as pertinent to discovery for the

---

[1] The importance of co-counsel and a larger team is highlighted by current circumstances. Undersigned counsel became ill, and tested positive for COVID-19 on April 13, and was ordered by her doctor to isolate for a minimum of five days. Having counsel in place who can continue the document review process will mitigate disruptions during this time period.

evidentiary hearing and arranged to have scanned into an electronic "pdf" format. *See* ECF No. 795-1.

3. Mr. Runyon's paper files—totaling fifty-seven bankers boxes—were delivered via FedEx on April 6, 7, and 10, 2023. A hard drive containing 126 GB of data, including over 187,000 files, and a flash drive containing 14.2 GB of data, including nearly 9,000 files, were not delivered via FedEx until April 11—after the date anticipated by undersigned counsel. Because of the unexpectedly large volume of digital files, it has not been possible, to date, to determine the number of pages contained in the nearly 196,000 files from the hard drive and flash drive.

4. Upon receipt of the electronic and paper files from prior counsel, Petitioner's counsel promptly began reviewing the files in order to provide better-informed opinions about the time needed to conduct a substantive review and make any additional productions to the government. This review is ongoing.

5. Counsel's review to date has revealed the need for additional time to review the significant volume of materials in order to identify materials that need to be disclosed. In particular, the electronic data, consisting of 140 GB and 196,000 files, is an extremely large volume of data to review.[2] While the electronic files almost certainly overlap with the paper files and contain

---

[2] Based on a preliminary review, some of the files appear to be single-page TIFFs (i.e., documents that have been broken into individual pages) while other files are PDFs consisting of over 1,000 pages. Prior counsel also suggested on an April 14, 2023, call that the single-page TIFF files may be duplicative of the PDF files, which would greatly reduce the total volume of documents. Undersigned counsel will know more about how the number of "files" translates to the time required for review as counsel identifies which documents appear relevant to these proceedings. Articles analyzing discovery issues suggest that the average document review rate for an attorney (continued…)

3

many documents irrelevant to discovery or duplicative of other files, it will take the undersigned counsel time to determine which electronic files are likely to contain information relevant to the evidentiary hearing and need to be reviewed, and provide an estimate of how long this will take. As noted, it has not yet been feasible to determine the total number of pages contained in the drives due to the unexpectedly large volume of files.

6.  The preliminary review also revealed a number of unexpected complications with the materials received from former counsel. For example, the electronic and paper files are disorganized, and it is often unclear where the materials in the file came from, which makes it difficult to confidently estimate the time required to isolate documents that require disclosure. Further, in the course of reviewing the electronic files described as containing scanned materials from the paper file boxes, Petitioner's counsel discovered multiple instances in which the paper files were not fully or properly scanned. The preliminary review of the paper files also identified a high volume of material, more than 10,000 pages, that is potentially relevant to the claim currently before this Court that was not identified and scanned by former counsel.

7.  Additionally, on April 10, 2023, the undersigned counsel was notified by prior counsel about the discovery of additional materials from Mr. Runyon's case in its offices that will need to be reviewed by prior counsel and shipped to Petitioner's counsel. Prior counsel has

---

reviewer is 50 to 60 documents per hour. *See* eDiscovery Best Practices: Does Size Matter?, cloudnine, https://cloudnine.com/ediscoverydaily/electronic-discovery/ediscovery-best-practices-does-size-matter/ (last visited Apr. 13, 2023); Who Actually Is Reviewing My Documents?, Hilgers Graben, 3, https://hilgersgraben.com/wp-content/uploads/2020/02/Who-Actually-Is-Reviewing-My-Documents.pdf (last visited Apr. 13, 2023).

represented that these files appear to have been created after Mr. Runyon's trial. Prior counsel was not confident in the volume or contents of the additional case files but plans to ship these materials the week of April 17.

8. Notwithstanding these issues, Petitioner's counsel has been diligently reviewing the hard-copy files to identify documents that may need to be produced. Nine bankers boxes and fifteen binders have now been sent to a discovery vendor for scanning. The condition of the paper files requires the use of a more manual, and thus more time-consuming, scanning process. The discovery vendor estimates the scans will be complete by April 21, although the vendor will deliver scans on a rolling basis. As scans become available, Petitioner's counsel, along with Petitioner's proposed co-counsel, will promptly review the documents on an individual basis to determine whether they have already been produced and, if not, whether they should be produced. Petitioner will begin making rolling productions of responsive documents to the government as soon as practicable.

9. In tandem with the review of the paper files, Petitioner's counsel is working with e-discovery experts to develop a process for identifying responsive documents from the electronic data contained on the hard drive and flash drive. As part of this process, Petitioner will explore the viability of using software tools to de-duplicate files and otherwise facilitate an efficient review of the data.

10. Although the review of the transferred case files will be more cumbersome than anticipated, with proper resources counsel believes an appropriate and efficient review can be made and provide the basis for identifying and disclosing remaining relevant discovery. As

described in Petitioner's counsel's Memorandum in Support of the Motion to Appoint Counsel, ECF No. 803, attorneys and litigation support staff from Covington & Burling LLP can provide expertise and assistance to increase the efficiency of the review process and timely identification and production of relevant information to the government. For example, the Covington team has extensive experience in cases involving complex document management and review, and can provide additional staffing to assist in the review as well as necessary technical support. Further, Covington plans to cover certain non-reimbursable costs relating to this aspect of the representation, including, for instance, document scanning, storage, and production charges.

11. Petitioner's counsel has been conferring with prior counsel, including by email and telephone this week, to understand the organization and contents of the provided case files in order to make the review more efficient. Prior counsel's efforts since late February have been helpful to facilitate the transfer of Mr. Runyon's case files; however, as described in the undersigned counsel's Declaration, ECF No. 797-1, Petitioner's counsel must conduct an independent review to ensure that all appropriate disclosures are made.

12. In light of the aforementioned issues, Petitioner's counsel seeks additional time to assess the documents received from former counsel and requests leave to propose a schedule for discovery, and an expected date for resumption of the evidentiary hearing, on or before May 5, 2023. This additional time will allow Petitioner's counsel to make meaningful progress in the review of the materials received from prior counsel and provide the government with informed opinions about the time needed to complete the review and production of relevant materials.

13. Petitioner's counsel proposes to provide regular (*e.g.*, at least weekly) updates to

the government during this three-week period regarding the progress of the initial review of the transferred case files, and until discovery is complete. Petitioner expects that these updates will facilitate an ongoing dialogue between Petitioner and the government regarding the proposed schedule such that they can submit a joint proposed schedule (or competing schedules, if they are unable to reach agreement) no later than May 5, 2023, and earlier if possible.

Respectfully Submitted,

/s/ Elizabeth J. Peiffer

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

## CERTIFICATE OF SERVICE

       I hereby certify that on April 14, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

                                                /s/ <u>Elizabeth Peiffer</u>