IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| DAVID ANTHONY RUNYON,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 4:15-cv-108<br><br>Initial Criminal No. 4:08-cr-16-3<br><br>CAPITAL § 2255 PROCEEDINGS<br>HON. REBECCA BEACH SMITH |

**PETITIONER'S REPLY TO RESPONSE TO NOTICE OF SUPPLEMENTAL AND REVISED DECLARATION OF JAMES R. MERIKANGAS, M.D.**

COMES NOW Petitioner, David A. Runyon, and states the following in reply to the Government's Response to Petitioner's notice of the filing of a supplemental and revised declaration from James R. Merikangas, M.D. (ECF No. 861) ("Gov. Resp.").

**INTRODUCTION**

On October 2, 2023, Petitioner David Anthony Runyon filed a Notice of Supplemental and Revised Declaration of Dr. Merikangas (the "Supplemental Declaration"), which amends certain statements made in a prior declaration Dr. Merikangas signed on February 3, 2023. ECF Nos. 854, 854-1. Petitioner filed the Supplemental Declaration to fulfill counsel's duty of candor to the tribunal and to ensure an accurate record. The government "objects" to the Supplemental Declaration, requesting that it not be "considered for any purpose." Gov. Resp. at 1, 8. Given that Petitioner does not intend to introduce the Supplemental Declaration as evidence or otherwise rely on it substantively, there is no live dispute for the Court to resolve, and the government's objection should be denied.

1

The government also charges that in obtaining the Supplemental Declaration, Petitioner improperly discussed certain documents to Dr. Merikangas, depriving the government of the ability to surprise him on the stand with these documents. The government relies on a ruling by the Court during the February 2023 hearing, but that ruling only requires Petitioner's counsel to provide the government "a chance to review" any new discovery before Petitioner showed those documents to his witnesses. Petitioner has fully complied with the Court's ruling: the documents at issue were produced to the government in February, and the government has had ample "chance to review" them.

## ARGUMENT

**I.    Petitioner Has Not Requested That The Supplemental Declaration Be Considered As Evidence, So There Is No Basis For The Government's "Objection."[1]**

The government's only request for relief concerning the Supplemental Declaration is a determination that it not be considered in these proceedings. Gov. Resp. at 8–9. But the purpose of the revised declaration was not to "shape and revise Dr. Merikangas's declaration to fit the newly disclosed facts," Gov. Resp. at 8, or to "erase" Dr. Merikangas's prior declaration. ECF No. 859 at 3 n.3. Rather, it was to ensure that the record was accurate, to narrow the issues in dispute for the upcoming hearing,[2] and to do so in a timely fashion, in accordance with counsel's ethical duties. The declaration was not offered as substantive evidence to be considered by the Court at the upcoming hearing, when the government will have the opportunity to cross-examine Dr.

---

[1] The government's filing also includes arguments concerning Petitioner's Motion for Leave to Disclose Testimony to Experts, ECF No. 847. Although the government treats this issue and the Supplemental Declaration as related, they are separate. The government's response to Petitioner's Motion to Disclose Testimony to Experts was due on October 10, 2023, and the government did not file a response.

[2] The Supplemental Declaration confirms and thus moots any factual dispute concerning whether Dr. Merikangas received and reviewed the scans in 2009.

Merikangas. Accordingly, there is no dispute for the Court to resolve, and the government's objection should be denied as moot. *See, e.g.*, *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 796 F. Supp. 2d 736, 743 (E.D. Va. 2011), *aff'd sub nom. The Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544 (4th Cir. 2012) ("A case or controversy is no longer live, and therefore moot, when there is no active dispute for the court to resolve.").[3]

## II.     The Government's Remaining Arguments Are Meritless.

As stated above, the only remedy the government has requested in its Response is to restrict the parties' use of the Supplemental Declaration, with which Petitioner does not take issue. However, Petitioner wishes to briefly address several other points in the government's brief.

*First*, the plain language of the Court's February 2023 ruling did not require seeking express permission from the government or the Court before sharing with witnesses discovery that the government had access to. After the discovery issues surfaced in February, the government requested that "whatever is found, that it not be shared with witnesses *until [the government] [has] had a chance to review it*," adding that they would "just like the chance to review these records first." Tr. 1003 (emphasis added); *see also* Tr. 998 (government arguing: "But I certainly think that any new materials should not be discussed with witnesses *until we get a handle on what they are*.") (emphasis added). The Court granted that request, saying it was "only fair," and adding that documents from discovery productions "have to go to counsel, and if appropriate, and you've got some argument over them, you're going to have to get copies to the Court." Tr. 1003. While the Court observed that "[o]ne of the extreme sanctions is you can't use them at all," *id.*, the Court did not impose this sanction, as the Court made clear in an order entered shortly thereafter, ECF No.

---

[3] In a footnote, the government argues it should not bear any authentication burden with respect to late-disclosed documents. The government made a similar request during the October 17, 2023, hearing before the Court, and the Court has ordered the parties to meet and confer on this issue.

3

799 at 2–3 (denying as moot the government's request that the Court "prevent[ ] Petitioner from supporting his claim with the untimely disclosures," and noting that, "given the capital sentence in this case, it is imperative that any sanction not impede Petitioner's ability to present his claim, even if burdensome to counsel").[4]

The documents underlying Dr. Merikangas's revised declaration were produced to the government on February 14, 2023, and February 17, 2023.[5] The government not only had a "chance to review" these documents, but in fact did so, as evidenced by their frequent citation to these documents in filings dating back to February 21, 2023. *See, e.g.*, ECF Nos. 793 at 10–11, 793-1, 809 at 6, 835 at 4. This was all that the Court's ruling required, and the government indisputably had an opportunity to review the materials before they were shared with any witness.[6]

*Second*, the government claims that the late-disclosed documents "reveal that Dr. Merikangas did, in fact, receive and review the 2009 brain imaging scans *and had subsequent discussions with trial counsel before the onset of the presentencing proceeding*." Gov. Resp. at 5 (emphasis added). The latter (italicized) statement is false. Petitioner has addressed the

---

[4] The government's objection is limited to Petitioner having shared certain documents (such as Dr. Merikangas's billing records and trial counsel's memo to file about an alleged August 13, 2009, conversation with Dr. Merikangas) with Dr. Merikangas. The government has not argued that Petitioner's counsel shared witness testimony from the February 2023 evidentiary hearing, nor would it have any basis to do so. Petitioner has not shared or discussed with Dr. Merikangas or any other witness any testimony from the February 2023 evidentiary hearing.

[5] Out of an abundance of caution, Petitioner waited until after discovery closed on August 31, 2023, before meeting with or sharing documents with Dr. Merikangas. It was due to this exercise of caution that the revised declaration was not obtained until after Judge Hudgins had passed.

[6] The government claims that "Petitioner's desire to prepare his remaining witnesses" with materials exchanged in discovery "undermines the truth-seeking function of this proceeding." Gov. Resp. at 1. The government does not explain why this would be the case, given that they will have the opportunity to cross-examine Dr. Merikangas under oath, regardless of whether or not he is shown documents in advance. Further, as noted above, the reason Petitioner filed the Supplemental Declaration was to ensure an accurate factual record.

4

government's contentions on this score in his response to the government's "motion in limine." *See* ECF No. 866 at 8–12. Rather than inundating the Court with repetitive briefing, Petitioner incorporates that response by reference herein. For now, suffice it to say that there is no evidence in the record of any communication between trial counsel and Dr. Merikangas after Dr. Merikangas reviewed the scans, and thus no evidence that trial counsel fulfilled their obligation to complete their investigation of potential mitigating evidence concerning Mr. Runyon's brain injury. The government's repeated misstatements on this issue suggest that it has no good explanation of how Dr. Merikangas's reviewing the scans could be material to Petitioner's claim if Dr. Merikangas never spoke to counsel following his review.

*Third,* the government claims that Petitioner's head injuries were all "reported anecdotally by Petitioner himself." Gov. Resp. at 2. However, significant evidence has been produced corroborating these head injuries, including from David Dombrowski, Mark Runyon, Maria Runyon, Wren Fleming, Robert and Deborah Seeger, as well as Petitioner's army medical records. *See, e.g.*, ECF Nos. 511-23 at 19; 511-27 ¶¶ 26–27; 511-28 ¶¶ 13–17, 35; 511-31 ¶ 8; 511-32 ¶¶ 8–9; Tr. 2/9/2023 at 456–58, 460–69, 507–09, 561–64, 574–76; Tr. 2/10/2023 at 627–35, 664, 709, 715–16; *see also* ECF No. 278 (court order noting that "the doctors are in substantial agreement that the mental health examinations already administered reveal that the defendant suffered some head trauma in his past").

## CONCLUSION

For the foregoing reasons, the government's objection should be denied.


Dated: October 19, 2023                                  Respectfully Submitted,

                                                         /s/ *Kathryn M. Ali*

Kathryn M. Ali, VSB No. 97966
Ali & Lockwood LLP
300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
Telephone (202) 651-2475
katie.ali@alilockwood.com

Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone (434) 817-2970
Fax (434) 817-2972
epeiffer@vcrrc.org

## CERTIFICATE OF SERVICE

   I hereby certify that on October 19, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, N.W.
Room 650
Washington, D.C. 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

            /s/ *Kathryn M. Ali*