**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

        Petitioner

        v.

UNITED STATES OF AMERICA,

        Respondent

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENT AND AMENDMENT TO, OR RECONSIDERATION OF, CLAIM 9 OF MOTION TO VACATE UNDER 28 U.S.C. § 2255 IN LIGHT OF *UNITED STATES V. TAYLOR*, 142 S. CT. 2015 (2022)**

Petitioner, David Anthony Runyon, through counsel, hereby files his memorandum in support of his motion for leave to supplement and amend Claim 9 of his Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255, to add additional authority and argument in light of the U.S. Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In the alternative, he respectfully requests that this Court grant reconsideration of Claim 9 in his initial § 2255 Motion.

1.      Mr. Runyon is an indigent, death-sentenced federal prisoner. In Count 5 of the indictment, he was charged with using a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(c), (j)(1). Doc. 3 at 12. Mr. Runyon was convicted as to Count 5. Doc. 245.

2.      On October 5, 2015, Mr. Runyon timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct conviction and sentence (the "2255 Motion"). ECF No. 478. Claim 9

in the 2255 Motion raised the argument that Mr. Runyon's conviction and sentence under 18 U.S.C. § 924(c) was unconstitutional based on the principles articulated in *Johnson v. United States*, 576 U.S. 591 (2015). *Id.* at 88.

3.   This Court denied that claim on January 19, 2017, holding that *Johnson* was not germane to Mr. Runyon's case because the ruling only applied to the residual clause of the Armed Career Criminal Act (ACCA) in § 924(e) and did not extend to the residual clause of § 924(c), the statute at issue in Count 5 of Mr. Runyon's case.  ECF No. 560-2 at 138-40.

4.   On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that because the residual clause of § 924(c) used the same language as the ACCA, it was likewise unconstitutionally vague.

5.   On December 23, 2020, the Fourth Circuit issued its decision (which was later amended) in Mr. Runyon's appeal from the Court's denial of the 2255 Motion. *See United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021). Two of the three panel members concluded that the crime for which Mr. Runyon was convicted qualified as a crime of violence under § 924(c) by "determin[ing] whether 'there is a realistic probability — not merely a theoretical possibility — that the minimum conduct necessary for conviction involves the use of physical force as defined by federal law,'" *id.* at 200 (quoting *United States v. Rumley*, 952 F.3d 538, 548 (4th Cir. 2020)) (cleaned up), and affirmed the denial of Claim 9.

6.   On June 21, 2022, the Supreme Court issued its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which rejected the "realistic probability" analysis that the Fourth Circuit used in Mr. Runyon's case to determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c). *Taylor* makes clear that Mr. Runyon's conviction for conspiracy to commit

murder for hire under 18 U.S.C. § 1958(a) is not a crime of violence and cannot be the predicate for his conviction and capital sentence imposed for the § 924(c) charge.

7.      Section 2242 of Title 28 provides that a § 2255 motion "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." *See also* Rule 11 of the Rules Governing 2255 Proceedings (rules of civil procedure apply to extent not inconsistent with habeas rules); Advisory Committee Note to Rule 5 of the Rules Governing 2255 Proceedings ("civil rule 15(a) may be used to allow the petitioner to amend his petition"); *Withrow v. Williams*, 507 U.S. 680, 696 n.7 (1993) ("Rule 15 applies in habeas actions"). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Similarly, Rule 15(d) permits supplemental pleadings in order to set out "any transaction, occurrence or event that happened after the date of the pleading to be supplemented."

8.      Mr. Runyon seeks leave to supplement or amend Claim 9 in light of *Taylor*. The additional authority relates back to Claim 9, as this argument arises out of the same nucleus of operative facts as the originally filed *Johnson* claim:  Mr. Runyon's conviction and capital sentence for violating 18 U.S.C. § 924(c) is unconstitutional because it was based on an offense that does not qualify as a "crime of violence" for purposes of the statute. Fed. R. Civ. P. 15(c). The Supreme Court decided *Taylor* after Mr. Runyon filed his 2255 Motion, and *Taylor* thus may serve as the basis for an amendment. *See* Fed. R. Civ. P. 15(d).

9.      Mr. Runyon should be afforded the opportunity to test his claim on the merits. For the reasons stated in Mr. Runyon's proposed amendment, his *Taylor* argument is meritorious and allowing the amendment would not prejudice the government. Nor would permitting Mr. Runyon to proceed on this claim require reopening the evidentiary hearing that concluded late last year;

this claim raises a pure question of law that can be decided on the papers without the need for live witness testimony or other evidence.

10.     Moreover, the Fourth Circuit's mandate does not preclude this Court from reaching the merits of Mr. Runyon's amended claim. A habeas petitioner may "resurrect an issue on remand" where there is a showing either that "controlling legal authority has changed dramatically" or "that a blatant error in the prior decision will, if uncorrected, result in serious injustice." *United States v. Cannady*, 63 F.4th 259, 267 (4th Cir. 2023).[1] Both exceptions are present here. First, as in *Cannady*, an intervening legal decision (*Taylor*) "marked a clear change in precedent and satisfied the first exception to the mandate rule." *Id.* Second, it can hardly be contested that executing a prisoner based on a ruling that is now known to be erroneous would constitute a serious injustice.

11.     Accordingly, Mr. Runyon requests leave to supplement and amend Claim 9 of his 2255 Motion in light of *Taylor* and submit his proposed argument for consideration. Mr. Runyon's proposed supplemental and amended Claim 9 is submitted along with this motion for leave.

12.     In the alternative, Mr. Runyon requests this Court reconsider Claim 9 as pleaded in his prior amended § 2255 Motion (ECF No. 511).

13.     A motion for reconsideration is proper under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

---

[1] Additionally, if the circuit court's "mandate 'instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing.'" *United States v. Cannady*, 63 F.4th 259, 266 (4th Cir. 2023) (quoting *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993)). The Fourth Circuit's remand in this case directly addressed the appropriateness of Mr. Runyon's capital sentences, and this Court is well within its authority to vacate Mr. Runyon's § 924(c) capital sentence predicated on a conspiracy charge that is no longer a valid "crime of violence" after *Taylor*.

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). The law of the case doctrine should not interfere with the "ultimate responsibility of the federal courts . . . to reach the correct judgment under law." *Id.* at 515.

14.     Here, Mr. Runyon's claim should be reconsidered both to accommodate an intervening change in controlling law and to correct clear error of law and prevent a manifest injustice. Mr. Runyon can demonstrate that the denial of his § 924(c) claim was erroneous in light of the intervening Supreme Court decision in *Taylor*. Moreover, because it is clear that the statute at issue in his case is unconstitutionally vague, his § 924(c) conviction and death sentence are both unconstitutional. It would be a manifest injustice to execute a prisoner in reliance upon such a conviction.

15.     For the above-described reasons, Mr. Runyon respectfully requests this Court grant (a) leave to file the proposed supplemental and amended Claim 9 submitted herewith or (b) reconsideration of Claim 9 in his 2255 Motion.

Dated: April 15, 2024                    Respectfully submitted,

                                        */s/ Kathryn M. Ali*

                                        Kathryn M. Ali ,VSB No. 97966
                                        ALI & LOCKWOOD LLP
                                        300 New Jersey Avenue N.W., Suite 900
                                        Washington, D.C. 20001
                                        (202) 651-2475
                                        katie.ali@alilockwood.com

                                        Robert Lee, VSB No. 37410
                                        Elizabeth J. Peiffer, VSB No. 71353

Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
(434) 817-2970
roblee@vcrrc.org
epeiffer@vcrrc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/        *Kathryn M. Ali*