**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

        Petitioner

        v.

UNITED STATES OF AMERICA,

        Respondent

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS

**AMENDMENT TO CLAIM 9 OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A CAPITAL CONVICTION AND SENTENCE**

Pursuant to 28 U.S.C. § 2255, Petitioner David Anthony Runyon respectfully requests that this Court vacate his conviction and capital sentence pursuant to 18 U.S.C. § 924(c) that was predicated on a conspiracy to commit murder-for-hire under 18 U.S.C. § 1958(a). The Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022)—issued after the decision and remand in Mr. Runyon's appeal in this § 2255 proceeding—instructs courts to apply the categorical approach to determine whether a federal crime is a crime of violence under § 924(c). Under this approach, conspiracy is not a crime of violence, and so Mr. Runyon's conviction and death sentence under § 924(c) predicated on a § 1958(a) violation cannot stand.

**PROCEDURAL HISTORY**

In 2009, an Eastern District of Virginia jury convicted Mr. Runyon of three counts: (Count One) conspiracy to commit murder-for-hire, 18 U.S.C. § 1958(a); (Count Two) carjacking resulting in death, 18 U.S.C. § 2119; and (Count Five) murder with a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1), (j)(1). ECF No. 28-4 at 1534. There were two separate

1

predicates for Count Five: the conspiracy charge and the carjacking charge. The jury did not identify which predicate it relied on to convict on Count Five. At sentencing, jurors returned capital sentences on Counts One (conspiracy) and Five (murder with a firearm), and a sentence of life without the possibility of release for Count Two (carjacking).

On direct review, the Fourth Circuit affirmed Mr. Runyon's convictions and sentences. *United States v. Runyon*, 707 F.3d 475, 521 (4th Cir. 2013). Mr. Runyon then timely filed a § 2255 motion, one claim of which (Claim 9) alleges that his conviction for violating § 924(c) was invalid because it was not predicated on a "crime of violence." This Court denied that claim, and a divided panel affirmed (with one judge dissenting), concluding that both predicate crimes—conspiracy and carjacking—qualified as crimes of violence. *United States v. Runyon*, 994 F.3d 192, 204 (4th Cir. 2021).

The Supreme Court subsequently decided *Taylor*, and Mr. Runyon brought a motion to recall the appellate mandate in light of that intervening decision, *United States v. Runyon*, No. 17-5, ECF No. 116, which the Fourth Circuit denied, *id.*, ECF No. 123. Because Mr. Runyon's case is once again before this Court on remand, he now files this amendment to his previously pleaded claim and requests that this Court apply the recent Supreme Court and Fourth Circuit precedent making clear that conspiracy is no longer a valid § 924(c) predicate. The jury relied on the conspiracy charge both to convict Mr. Runyon on the § 924(c) charge and for the jury's death sentencing decision on the § 924(c) conviction (having returned a sentence of life on the carjacking conviction). Thus, Mr. Runyon's conviction and death sentence on Count Five must be vacated.

2

**AMENDMENT TO CLAIM 9**

F.   **Because Conspiracy Offenses Are No Longer Crimes Of Violence, Mr. Runyon's § 924(c) Conviction And Capital Sentence That Was Predicated On A Conspiracy To Commit Murder-For-Hire Is No Longer Valid.[1]**

   1.   **The Supreme Court Clarified In *Taylor* That Without The Realistic Probability Loophole, Conspiracy To Commit Murder-For-Hire Is Not A Crime Of Violence And Therefore Cannot Form The Basis For Mr. Runyon's § 924(c) Conviction Or Capital Sentence.**

Mr. Runyon's conviction for violating § 924(c) predicated on a § 1958(a) conspiracy violation is invalid. Because a § 1958 conspiracy can be completed without "the use, attempted use, or threatened use of force," it is not a crime of violence under § 924(c). *See Taylor*, 142 S. Ct. at 2025.

Mr. Runyon's case required determining "whether a federal felony qualifies as a crime of violence." *Id*. at 2024. To determine whether an offense constitutes a crime of violence, courts must evaluate whether the statute "requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 2020. In *Taylor*, the Supreme Court clarified that courts "must employ a categorical approach when interpreting the reach of § 924(c)(3)(A)" and should not stray into "empirical inquir[ies] into how crimes are usually committed." *Id*. at 2025. The elements-based categorical approach under § 924(c) "begins and ends with the offense's elements." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). If the relevant statute defines the offense "in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *Id*.

---

[1] Because this filing seeks to supplement and amend only Claim 9 of Mr. Runyon's prior § 2255 motion, it tracks the structure of that prior motion. Claim 9 in the prior motion included subsections A–E. The present pleading thus begins with subsection F.

As the Fourth Circuit noted in Mr. Runyon's case, "conspiracy generally does not serve as a valid predicate under the force clause" of § 924(c). *Runyon*, 994 F.3d at 199. The court, however, held that conspiracy to commit murder-for-hire nevertheless must be a valid predicate as "[t]here is no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting from that conspiracy while that death was somehow only accidentally or negligently caused." *Id.* at 203. It was this "realistic probability" loophole that *Taylor* has now closed.

      **a.  The Fourth Circuit acknowledged that conspiracy is not a crime of violence under the categorical approach, but relied on the "realistic probability" test to hold otherwise.**

The panel majority in Mr. Runyon's earlier § 2255 appeal concluded that under the categorical approach, conspiracy to commit murder is not a crime of violence because conspiracy to commit murder-for-hire may be satisfied through nonviolent means.[2] That is, it does not *require* the use of violent force. This conclusion is correct and should have led to the vacatur of Mr. Runyon's § 924(c) conviction and sentence.

---

[2] Because the statute is divisible, the *Runyon* court first used the "modified" categorical approach to determine which crime the jury had convicted Mr. Runyon of. Having done so, the categorical approach applies once more. There are three elements to Mr. Runyon's conviction: (1) use of facilities of commerce; (2) intent that a murder be committed for hire through the use; (3) death results from the use. Neither the use nor intent elements "necessarily entail[] the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2025. As to the death element, the focus is on the "minimum conduct necessary" to cause a death, rather than "a conduct-specific analysis." *United States v. Simmons*, 11 F.4th 239, 261 (4th Cir. 2021). The minimum conduct necessary to cause a death does not require the use, attempted use, or threatened use of force because death may result from accidental, negligent, or reckless conduct. *See Runyon*, 994 F.3d at 203. Put differently, the government was not required to prove beyond a reasonable doubt the use, attempted use, or threatened use of force in order to prove the death element. This is so even though a defendant may travel with the intent to murder, as the intent requirement does not factor into the categorical approach. *See Runyon*, 994 F.3d at 203.

Relying on *United States v. Allred*, 942 F.3d 641 (4th Cir. 2019), however, the majority departed from the categorical approach to apply a "realistic probability" test. It reasoned that where a defendant:

> willingly agrees to enter into a conspiracy with the specific intent that a murder be committed for money and death results . . . it follows that the defendant acted with specific intent to bring about death, and that specific intent ensures that the victim's death was necessarily the result of a use of physical force and not merely from negligence or accident.

*Runyon*, 994 F.3d at 204. The court found "no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting" without the use of physical force, and therefore concluded that conspiracy to commit murder under §1958(a) is a crime of violence after all, categorical approach notwithstanding. *Id.* at 203-04. Post-*Taylor*, this approach is incorrect and cannot stand. *See* 142 S. Ct. at 2025 (Courts "*must* employ a categorical approach when interpreting the reach of § 924(c)(3)(A) . . . .") (emphasis added).

### b. Following the Fourth Circuit's decision in *Runyon*, the Supreme Court in *Taylor* abrogated the realistic probability test.

Mr. Runyon's conviction on Count Five cannot be saved by the "realistic probability" test. In *Taylor*, the Supreme Court explicitly prohibited "condition[ing] long prison terms on an abstract inquiry" such as the realistic probability test, particularly when doing so directly contravenes express Congressional mandates in federal legislation. 142 S. Ct. at 2025. The Court rejected the government's argument that, even if a predicate would not qualify as a crime of violence solely based on analyzing an offense under the categorical approach, a court must also look at the kinds of cases the government prosecutes for convictions under § 924(c) to determine whether there is a "realistic probability" that such conduct would be prosecuted under the statute. *Id*. at 2024. Instead, the Court held that the categorical approach alone is the proper analytical tool: "in fact, [the

categorical approach] precludes[] an inquiry into how any particular defendant may commit the crime. The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 2025. *Taylor* thus plainly precludes the use of the realistic probability test in determining whether a federal offense qualifies as a crime of violence.

The Fourth Circuit has recognized this requirement in subsequent published decisions.[3] For example, in *United States v. McDaniel*, the Fourth Circuit confirmed that a defendant does not need to show a "realistic probability" the government would prosecute an assault offense in a way that would render it not a crime of violence. 85 F.4th 176 (4th Cir. 2023) (analyzing whether felony assault offense under §111(b) constitutes a crime of violence). The court explicitly concluded that the realistic probability test does not apply when using the categorical approach. *Id*. at 186 n.13. Citing *Taylor*, the court clarified "that a defendant is not required to 'present evidence of how his [federal] crime of conviction is normally committed or usually prosecuted.'" *Id*.

In another case, which was on review of a § 2255 motion, the Fourth Circuit explained that the *Taylor* decision "clarified that the realistic probability test is an inappropriate way to determine whether a predicate offense satisfies § 924(c)'s elements clause." *United States v. Green*, 67 F.4th 657, 669 (4th Cir. 2023). *Green* and *McDaniel* make clear that, in light of *Taylor*, the categorical

---

[3] The Fourth Circuit's outlier and unpublished decision in *United States v. Navarro-Cervellon*, No. 22-4696, 2024 WL 771699 (4th Cir. Feb. 26, 2024), does not change this analysis. The court was clear that its discussion of *Taylor*'s effect on *Runyon*'s logic was dicta. *Id.* at *2 ("To be clear: We need not—and thus do not—decide whether *Runyon*'s holding about Section 1958(a) remains correct or binding post-*Taylor*."). In addition, *Navarro* is unpublished and therefore not legally binding precedent. *Id.* at *2. It also misreads the Fourth Circuit's decision in *Runyon*. Specifically, it overlooked that court's reliance on the reasonable probability test as the *sole* basis for determining that a § 1958(a) offense qualified as a crime of violence and, in fact, concluded that such offense would otherwise not qualify under the categorical approach.

approach is the sole test for determining whether conspiracy to commit murder-for-hire qualifies as a crime of violence.

As described above, the *Runyon* majority resorted to the realistic probability test to save the statute at issue as a valid predicate. But *Taylor* reveals that the court's reliance on *Allred* and the "realistic probability" analysis was misplaced. The court's own analysis under the categorical approach demonstrates conspiracy to commit murder is not a crime of violence because the elements of the crime do not require the government to prove use of physical force. The Supreme Court's decision in *Taylor* confirms that the court's categorical approach analysis reached the correct conclusion and that it was error to also apply the realistic probability analysis.

> **2.      Mr. Runyon was prejudiced by the inclusion of the invalid conspiracy predicate.**

Because the record shows that the jury relied on the invalid conspiracy predicate when it convicted and sentenced Mr. Runyon for the § 924 charge, his conviction and sentence must be vacated. To reiterate, the jury imposed two capital sentences on Mr. Runyon: one for conspiracy to commit murder-for-hire, in violation of § 1958(a); and one for murder with a firearm in relation to a crime of violence, in violation of § 924(c). The § 924(c) count had two possible predicates: (1) carjacking in violation of § 2119; and (2) the § 1958(a) conspiracy. As the Fourth Circuit explained: "In this case, the jury was not asked to indicate in its verdict form whether it was relying on conspiracy to commit murder for hire or carjacking in finding Mr. Runyon guilty under § 924(c)(1), (j)(1)." *Runyon*, 994 F.3d at 201. Because § 1958 is no longer a crime of violence after *Taylor*, the verdict form was erroneous.

To demonstrate prejudice for an instructional error, a habeas petitioner must "show that '[t]here [is] more than a reasonable possibility that the error was harmful.'" *United States v. Said*, 26 F.4th 653, 660 (4th Cir. 2022) (quoting *Davis v. Ayala*, 576 U.S. 257, 268 (2015)). The Fourth

Circuit has also explained that if, as here, there are two predicate offenses, and one is later invalidated, there must be *some* evidence that jurors relied on the invalid predicate; ambiguity alone is insufficient. *Id.* at 659; *United States v. Ali*, 991 F.3d 561, 575 (4th Cir. 2021). Therefore, the issue here is whether the jury would have convicted on the § 924(c) charge if the only available predicate had been the carjacking offense.

Moreover, because the jury sentenced Mr. Runyon to death on the § 924(c) charge, the Court must take even greater care in reviewing the propriety of his death sentence. In criminal cases, the Supreme Court "follow[s] the rule that the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court is uncertain which of the two grounds was relied upon by the jury in reaching the verdict." *Mills v. Maryland*, 486 U.S. 367, 377 (1988) (internal citations omitted). Where a petitioner has been sentenced to death, "the Court has demanded even greater certainty that the jury's conclusions rested on proper grounds." *Id.*; *see also Lockett v. Ohio*, 438 U.S. 586, 605 (1978) ("[T]he risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty . . . is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments."). Unless the Court can rule out the reasonable possibility that the jury rested its verdict on the invalid predicate, it must vacate Mr. Runyon's conviction.

Here, the evidence demonstrates that the jury relied on the invalid predicate (conspiracy under § 1958) to convict Mr. Runyon of violating § 924(c). Although the jury recommended death for the § 924(c) violation without specifying or listing the applicable predicate crime of violence, the jury imposed a sentence of *life* without the possibility of release for the carjacking. ECF No. 291 at 5. Because the jury imposed a life sentence for the carjacking offense, it follows that the jury imposed the § 924(c) death sentence based on the conspiracy charge—not the carjacking

charge—as the predicate. It would be a "commonsense-defying conclusion," *Said*, 26 F.4th at 662, that jurors would return a death sentence for conduct (carjacking) they had *already* deemed less serious. Jurors determined the carjacking charge merited a life sentence. Common sense dictates jurors would not rely upon that conviction as the basis for imposing death on the § 924(c) count. This alone should be dispositive.

But there is more. The majority of the government's effort was put into proving the conspiracy between Ms. Voss, Draven, and Runyon—of which the carjacking was a small constituent part. The government emphasized to jurors during guilt-phase closing arguments that the carjacking was simply an attempt to obfuscate the conspiracy at the heart of the trial. ECF No. 336 at 1657. And there was little effort made to connect the gun to that part of the conspiracy. The government first mentioned use of a gun (a prerequisite for a § 924(c) charge) in connection with the carjacking during closing argument rebuttal. ECF No. at 1657. Indeed, it would have been hard pressed to do more, as the evidence presented at trial linking a gun to the carjacking was minimal: the pictures from the ATM that constitute the bulk of the evidence of the carjacking are very dark, and only a shadowy shape and reflective light can be seen and possibly considered to be a gun. Gov't Tr. Exs. Nos. 28A-28GG. The bank security officer who reviewed these photographs did not testify about anything resembling a gun. ECF No. 329 at 376-94. Similarly, the ATM pictures show Mr. Voss looking towards the passenger door; he then leaves the ATM, only to return a few minutes later, but this time without the same shadowy figure in the passenger seat, leaving doubt as to the extent of the so-called carjacking. Gov't Tr. Exs. Nos. 28A-28GG. Defense counsel emphasized this point in their closing. ECF No. 336 at 1633-56.

This is not a case in which it is easy to imagine jurors relying interchangeably on either predicate to satisfy a § 924(c) charge. The evidence is not ambiguous—it weighs in only one

direction, and there is a reasonable possibility that jurors relied solely on the conspiracy to commit murder predicate to find Mr. Runyon guilty of the § 924(c) charge.

Moreover, given the relative moral culpability of the charges, it is unreasonable to assume the jury would have sentenced Mr. Runyon to death on the § 924(c) count after returning a life sentence on the carjacking count. This is especially so because the §924(c) charge is not in any way more morally culpable than the carjacking count, since it encompasses the very same conduct.

Nothing in the verdict form indicates the jury believed the § 924(c) count to be more damning than the carjacking count apart from inclusion of the improper conspiracy predicate. It shows that the jury's findings about the gateway factors and the statutory aggravators were identical for the § 924(c) weapons charge and for the carjacking count. ECF No. 291 at 1-6. The sole difference then was the erroneous consideration of the conspiracy conviction. It is therefore unreasonable to assume the jury would return a death sentence to punish Mr. Runyon for causing Mr. Voss's death during the carjacking when it had already failed to do so on the carjacking count. For these reasons, Mr. Runyon is entitled to relief from his death sentence.

* * * *

The court should vacate Mr. Runyon's conviction and capital sentence under § 924(c) predicated on conspiracy to commit murder-for-hire under § 1958(a) to prevent a gross miscarriage of justice. Following *Taylor*, conspiracy to commit murder-for-hire is not a crime of violence, rendering Mr. Runyon's § 924(c) conviction and death sentence constitutionally invalid.

Respectfully submitted,

/s/ Kathryn M. Ali

Kathryn M. Ali (VSB No. 97966)
ALI & LOCKWOOD LLP
300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
(202) 651-2475

10

katie.ali@alilockwood.com

Robert Lee, VSB No. 37410
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
(434) 817-2970
roblee@vcrrc.org
epeiffer@vcrrc.org

Dated: April 15, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/      *Kathryn M. Ali*