IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Criminal Action No.: 4:08cr16 |
| | ) | Civil Action No.: 4:15cv108 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CAPITAL § 2255 PROCEEDINGS** |
| Respondent. | ) | HON. REBECCA BEACH SMITH |
| | ) | |

**Government's Memorandum in Opposition to Petitioner's Motion to Supplement/Amend, or Reconsideration of Claim 9 of the Motion to Vacate under 28 U.S.C. § 2255**

The United States, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Brian J. Samuels and Lisa R. McKeel, Assistant United States Attorneys, and Carrie L. Ward, Trial Attorney for the Department of Justice, respectfully submits this memorandum for the Court's review, objecting to petitioner's most recent attempt to supplement and amend Claim 9 of his Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 ("Claim 9"), as both out of time and previously ruled upon by this court (ECF 680).

Mr. Runyon was charged and convicted with using a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(jc) and (j)(1) (ECF 3, Indictment: Count 5). As this court is well aware, the term "crime of violence" has seen substantial review following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) and its progeny, which held the residual clause of 18 U.S.C. § 924(c), defining "crime of violence," is unconstitutionally vague.

1

The impact of the *Davis* ruling on Petitioner's convictions was decided in the Fourth Circuit's December 23, 2020 opinion. *United States v.* Runyon, 994 F.3d 192, 200 (4th Cir. 2021).[1] The court granted a certificate of appealability to determine whether Runyon's § 924 conviction is invalid because the offense was not committed during and in relation to a "crime of violence." Petitioner was convicted of conspiracy to commit murder for hire, carjacking, and murder with the use of a firearm. The jury unanimously recommended the death sentence on two counts— conspiracy to commit murder for hire and firearm murder in relation to a crime of violence— and recommended life imprisonment for the carjacking conviction. Judgment was entered on December 4, 2009. (ECF 313).

The Fourth Circuit determined that the convictions for both carjacking and conspiracy to commit a murder for hire, resulting in death, are both constitutionally valid predicate offenses under § 924(c)(3)'s "force clause." Satisfaction of the force clause requires showing that a crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" and qualifies it as a constitutionally-cognizable predicate offense. § 924(c)(3)(A). Petitioner unsuccessfully argued that neither conspiracy to commit murder for hire nor carjacking were crimes of violence because neither crime *necessarily* requires the "use of physical force." The court, however, found that each offense qualified as a crime of violence under the force clause. The court observed that stare decisis required it to hold carjacking (18 U.S.C. § 2119) constituted a crime of violence. *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (relying on *United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir. 2017)). The

---

[1] Due to a publisher's error, the December 23, 2020 opinion was amended and republished at 2021 WL 1513409.

carjacking predicate has remained virtually unchallenged by Petitioner in his subsequent attempts to attack his convictions and sentence, as detailed below.

In addressing conspiracy to commit murder for hire (18 U.S.C. § 1958), the Fourth Circuit assessed the statutory elements to determine whether they require the "use" of physical force. The court observed that the statute prescribes two heightened mens rea elements: (1) the intent to join the conspiracy and (2) the intent that a murder be committed for hire. *Runyon*, 994 F.3d at 203. It concluded that a conspiracy to commit murder for hire resulting in death is a crime of violence under § 924(c)(3)'s force clause. *Id*.

Since that decision, Petitioner has repeatedly attempted to leverage the *Davis* progeny without success. On June 10, 2021, The Supreme Court issued its opinion in *Borden v. United States,* 141 S. Ct. 1817 (2021). The Court found that, under the categorical approach, "recklessness" does not suffice to establish a crime of violence under the force clause. On June 21, 2022, the Supreme Court issued its opinion in *Taylor v. United States v.* 142 S. Ct. 2015 (2022). In *Taylor,* the Supreme Court held that *Attempted* Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) is not a "crime of violence," as that term is defined in 18 U.S.C. § 924(c)(3)(A), because it does not have as an element the use, attempted use, or threatened use of physical force. *Taylor,* 142 S.Ct. at 2024.

On June 7, 2022, Petitioner filed a Supplement to Claim 9, citing the *Borden* decision in challenging whether conspiracy to commit a murder for hire, with death resulting, still qualified as a crime of violence under § 924(c)(3)'s force clause. (ECF 679). In support, he argued that death could result from accidental force. *Id.* On June 29, 2022, this Court rejected that argument as an unauthorized "second or successive [§ 2255] motion." ECF 680 "Order" at 2.

3

On August 24, 2022, Petitioner abandoned his *Borden* claim but appealed to the Fourth Circuit with a motion to recall the mandate and for leave to file an out-of-time petition in light of *Taylor v. United States*. (Appeal Record No. 17-5: Doc. No. 116). The motion failed to reference the district court's rejection of the *Borden* claim, but again challenged the conspiracy to commit a murder for hire as a valid predicate under § 924(c)(3)'s force clause. (*Id.* at Doc. No. 116-1).[2] On November 29, 2022, the Fourth Circuit summarily denied the motion to recall the mandate and for leave to file out-of-time. (*Id.* at Doc. No. 123).

Meanwhile, Petitioner's coconspirator, Michael Draven, pursued a similar argument at the Fourth Circuit, challenging his § 924(c)(3) predicates—conspiracy to commit the murder for hire, with death resulting (§ 1958) and aiding and abetting a carjacking resulting in death (§ 2119)— as constitutional predicate offenses post-*Taylor. United States v.* Draven, 77 F.4th 307, 310 (4th Cir. 2023). On August 11, 2023, the Fourth Circuit rejected these arguments and stated unequivocally,

> We do not agree. For the reasons to follow, we conclude that because aiding and abetting carjacking resulting in death remains a valid predicate offense under § 924(c)(3)(A), Draven's § 924(j) conviction must stand. That predicate, alone, is sufficient to support his § 924(j) conviction. We, therefore, affirm the district court's denial of Draven's habeas motion. *Id.*

The Court noted that Draven's arguments could not be assessed in a vacuum, and fully reviewed its opinion in Petitioner's case, where these issues were fully litigated. The Fourth circuit reiterated for that the conspiracy to commit a murder for hire, resulting in death has a "heightened mens rea element[]" and the additional "element that 'death results.'" *Runyon*, 994 F.3d at 203. This, we explained, "has the requisite mens rea to constitute a use of

---

[2]  Petitioner did not— and does not— challenge the validity of his carjacking conviction as a constitutionally sound predicate offense.

physical force." *Id.* (quotation marks and citation omitted). Although the mens rea is "not explicitly tied to the resulting-in-death element," it "must nonetheless carry forward" to this element. *Id.* Further, "this specific intent ensures that the victim's death was necessarily the result of a use of physical force." *Runyon*, 994 F.3d at 204. Thus, we held that a "conspiracy to commit murder for hire where death results" involves the "use of physical force.'" *Id.*

Mr. Runyon is barred from presenting this argument for a myriad of other reasons:

Petitioner's *Taylor* claim is procedurally defaulted since he failed to make the argument within one-year of the opinion's publication in 2021. *See United States v. Fugit,* 703 F.3d 248, 253 (holding a defendant's claim was defaulted because he failed to make the statutory argument during initial plea proceedings that he now raised on collateral review). And, "[w]ithout an excuse for this failure, the procedural-default doctrine precludes a defendant from asserting that claim on collateral review." *McKinney,* 60 F.4th at 193.

An avenue does exist for § 2255 petitioners to raise their defaulted claims on collateral review. To do so, [a petitioner] must demonstrate "both cause excusing his procedural default and actual prejudice resulting from the errors of which he complains," *United States v. Landrum,* 93 F.3d 122, 124 (4th Cir. 1996) (cleaned up) (emphasis added), or "that he is 'actually innocent,'" *United States v. Green*, 67 F.4th 657, 666 (4th Cir. 2023) (quoting *Bousley v. U.S.*, 523 U.S. 614, 622 (1998)). To prove cause, [Petitioner] must demonstrate that there was "some external impediment preventing [his] counsel from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492 (1986). That includes claims that are "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross,* 468 U.S. 1, 16 (1984). Moreover, a showing of prejudice requires a petitioner to establish that the procedural default "worked to his actual and substantial disadvantage." *Murray,* 477 U.S. at 494 (quoting *United States v. Frady,*

5

456 U.S. 152, 170 (1982)).  Petitioner does not attempt to satisfy any of these standards, much less could he do so.

Petitioner does not now dispute the vagaries of his general verdict, nor does he challenge the constitutionally of a conviction for carjacking, resulting in death, as a constitutionally valid predicate offense, although that was readily disposed of in Draven's companion case. More to the point, Petitioner has not demonstrated any cause for his failure to raise these claims in a procedurally appropriate manner.

***This claim is not an authorized successor or successive claim***. As this Court highlighted with respect to Petitioner's *Borden* motion, this supplement is an attempt "to relitigate a claim decided on its merits with the benefit of new case law." (ECF 680, citing 28 U.S.C. § 2255(h)(2)). The claim must be certified by the Fourth Circuit before the court may consider the argument. *(Id)*. However, unlike the *Borden* motion, Petitioner expressly sought authorization following the Supreme Court decision in *Taylor*, which the Fourth Circuit denied. (Appeal Record No. 17-5: Doc. No. 123). Petitioner has not simply failed to obtain permission; he has chosen to ignore a judicial prohibition on seeking relief in this way.

***Abuse of the writ***. Petitioner's present motion is prohibited by the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(b).  The statute establishes a qualified application of the doctrine of res judicata and provides that a federal court need not entertain a second or subsequent habeas petition unless (1) the subsequent petition alleges a new ground, factual or otherwise, and (2) the petitioner satisfies a judge that the petitioner did not deliberately withhold the ground earlier or otherwise abuse the writ. If the petitioner meets these two conditions, the federal court must consider the subsequent petition as long as other habeas errors such as

6

nonexhaustion or procedural default are not present. *McCleskey v. Zant*, 499 U.S. 467 (U.S. 1991).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY


By:　　　　　　　／s／
Brian J. Samuels
Virginia State Bar No. 65898
Lisa R. McKeel
Assistant United States Attorneys
Carrie L. Ward, Trial Attorney
Attorneys for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov
Email: Lisa.McKeel@usdoj.gov
Email: Carrie.Ward@usdoj.gov

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2024, I electronically filed a true copy of the foregoing Notice with the Clerk of Court using the CM/ECF system who will send notice to all filers.

By:   _____/s/_____
Brian J. Samuels
Virginia State Bar No. 65898
Lisa R. McKeel
Assistant United States Attorneys
Carrie L. Ward, Trial Attorney
Attorneys for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov
Email: Lisa.McKeel@usdoj.gov
Email: Carrie.Ward@usdoj.gov

8