**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| DAVID ANTHONY RUNYON,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | Case No. 4:15-cv-108<br><br>Initial Criminal No. 4:08-cr-16-3<br>CAPITAL § 2255 PROCEEDINGS |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
SUPPLEMENT AND AMENDMENT TO, OR RECONSIDERATION OF, CLAIM 9 OF
MOTION TO VACATE UNDER 28 U.S.C. § 2255 IN LIGHT OF
_UNITED STATES V. TAYLOR_, 142 S. CT. 2015 (2022)**

There is no procedural barrier to the Court's consideration of Mr. Runyon's supplementation or amendment of Claim 9 of his § 2255 motion (as amended in 2016 at ECF No. 511). The purpose of this motion is to ensure that Claim 9 is properly considered and adjudicated in light of intervening Supreme Court precedent that expressly invalidates the reasoning behind the prior denial of that claim. That falls squarely within the liberal amendment and supplementation provisions of Federal Rule of Civil Procedure 15. Rule 15 and precedent interpreting it also make clear that Mr. Runyon's proposed amendment/supplementation relates back to his original petition for statute-of-limitations purposes.

The government ignores all of Mr. Runyon's arguments on this score, instead erroneously invoking the doctrine of procedural default, AEDPA's restrictions on "second or successive petitions," and the abuse-of-the-writ doctrine, none of which apply here because Mr. Runyon is not asserting a new claim (procedural default), nor seeking to file a new petition ("second or

1

successive" and abuse-of-the-writ). The government also does not acknowledge, much less respond to, Mr. Runyon's alternative argument that the Court should reconsider its denial of Claim 9 under two established exceptions to the mandate rule: (1) to account for an intervening change in the law, here, the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), and (2) to prevent a manifest injustice.

Nor does the government substantively engage with any of Mr. Runyon's arguments on the merits, instead relying on pre-*Taylor* decisions, which only further emphasizes the legal error of considering a conspiracy offense as a predicate crime of violence under 18 U.S.C. § 924(c). And the government's discussion of *United States v. Draven*, 77 F.4th 307 (4th Cir. 2023), elides a critical distinction between that case and Mr. Runyon's: Unlike Draven, Mr. Runyon was sentenced to death on the § 924(c) charge—a decision that can only be explained by the jury's reliance on the invalid conspiracy charge (the only other charge for which the jury rendered a death sentence). Because conspiracy offenses are no longer crimes of violence, Mr. Runyon's § 924(c) conviction and corresponding death sentence are no longer valid.

I.    **Mr. Runyon Should Be Permitted to Supplement or Amend Claim 9 of His Initial § 2255 Petition in Light of Intervening Supreme Court Precedent.**

The government's attempts to erect procedural hurdles to the Court's consideration of Mr. Runyon's motion and proposed supplement/amendment to Claim 9 all fail: the applicable rules of procedure permit liberal amendment precisely to account for circumstances like those present here; there is no statute of limitations issue; and Mr. Runyon is still litigating his first § 2255 petition, so this is neither an unauthorized "second or successive" petition, nor is it an abuse of the writ.

A.    **Rule 15 Permits Liberal Amendment and Supplementation.**

As explained in Mr. Runyon's opening memorandum, the purpose of this motion is to add additional authority and argument to an existing claim in his still-pending habeas petition. Mem.

2

at 1, ECF No. 916. This is plainly permitted under the liberal amendment and supplementation provisions of Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 15(d); *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (explaining that liberal amendment rules "give[] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities" (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006))).

As the Rules set forth, courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a standard easily satisfied here, where the Supreme Court has repudiated the Fourth Circuit's reasoning in determining whether the predicate offense for Mr. Runyon's death sentence qualifies as a crime of violence. The government has offered no argument why they would be prejudiced by such amendment, nor could they. *See Stewart v. Angelone*, 186 F.R.D. 342, 343–44 (E.D. Va. 1999) ("Unless an amendment would cause undue prejudice or undue delay to the nonmoving party, or unless the motion was filed in bad faith or with an improper motive, courts should generally grant leave to amend."); *see also Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va. 2015) (finding no prejudice and granting leave to amend). Mr. Runyon's claim involves a pure question of law that can be decided on the papers without the need for a hearing, live witness testimony, or other evidence.

Mr. Runyon also satisfies the standard for supplementing his original claim under Rule 15(d), which permits supplemental pleadings to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental pleading is appropriate here since the Supreme Court decided *Taylor* after Mr. Runyon filed his § 2255 Motion.

**B.       There Is No Statute of Limitations Issue, and The Doctrine of Procedural Default Is Wholly Inapplicable.**

Because amending or supplementing is permissible and proper under the Federal Rules and Fourth Circuit precedent, the only remaining question is whether the amendment or supplement relates back to the original filing for statute-of-limitations purposes. Under Rule 15(c)(1)(B), an amendment relates back where it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." *See also Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (amendment relates back "when the new claim arises from the 'same core facts [in time and type] as the timely filed claims'" (quoting *Mayle v. Felix,* 545 U.S. 644, 657 (2005))). That standard is plainly satisfied here. Mr. Runyon's claim remains the same as he originally pled it in his 2015 petition—that the predicate offense on which his § 924(c) conviction and capital sentence are based does not qualify as a "crime of violence." He now seeks only to add additional legal authority—which post-dates his initial petition—in support of that claim. *See United States v. Smith*, No. 10-cr-20058, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015) (supplementing the same claim "with additional arguments and citations of additional authority clearly relate[s] back" to original filing); *see also Tucker v. United States*, No. 2:11-cr-079, 2014 WL 3507453 at *10 (E.D. Va. July 14, 2014) (finding new claim shared "a core of operative facts" with claim in original petition, satisfying relation back requirements). The "core facts" underlying the claim have not changed at all. *Gray*, 529 F.3d at 241.

The United States does not respond to any of these points. Instead, the government invokes the entirely inapplicable doctrine of procedural default. *See* Opp. at 5, ECF No. 917. But procedural default has no bearing here because Mr. Runyon is not asserting a new claim, much less in a manner that would implicate this doctrine. As the government's two cited cases show, procedural default questions arise where a petitioner tries to bring a new claim that they failed to raise during

4

initial criminal proceedings or on direct appeal. *See United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (considering claim that petitioner "failed to raise . . . during his initial plea proceedings or on direct appeal"); *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023) (similar). That bears no resemblance to the situation here, where a petitioner is seeking to supplement or amend a pre-existing claim in a pending habeas petition.

Nor does the timeliness of Mr. Runyon's Claim 9 have anything to do with when *Taylor* was decided. If the claim was timely when originally filed—a fact the government has not challenged—and the requirements for relation back under Rule 15 are satisfied, then the precise date when *Taylor* was decided has no bearing whatsoever on whether this supplement or amendment is proper.

C.    **Mr. Runyon Is Still Litigating His First § 2255 Petition, So This Is Not an Unauthorized Second or Successive Petition, or an Abuse of the Writ.**

The United States is also wrong to construe Mr. Runyon's request to supplement or amend as an unauthorized "successor or successive claim." Opp. at 6, ECF No. 917. As a threshold matter, AEDPA's "second or successive" rule applies only after an initial § 2255 petition has been fully and finally adjudicated on the merits. *See, e.g.*, *United States v. Gardner*, 132 F. App'x 467, 468 (4th Cir. 2005) (explaining that second or successive bar does not apply where initial § 2255 petition was not adjudicated on the merits); *Ching v. United States*, 298 F.3d 174, 177 (2d. Cir. 2002) (Sotomayor, J.) ("[F]or a petition to be 'second or successive' within the meaning of [28 U.S.C. § 2255], it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first. A petition that has reached *final* decision counts for this purpose") (emphasis in original). Thus, where proceedings concerning an "initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions." *Whab v. United States*, 408 F.3d 116, 118 (2d Cir.

2005). That is the posture of this case: Mr. Runyon's initial § 2255 petition remains pending, and he is continuing to litigate that petition in this Court. Mr. Runyon is therefore permitted to amend or supplement Claim 9 of his initial petition pursuant to Rule 15. *See Ching*, 298 F.3d at 177 ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion").

That Mr. Runyon's Claim 9 as pled in his initial petition is not among the claims that are being actively litigated does not change the result. The Supreme Court has held that "the second or successive inquiry applies to the habeas petition as a whole and not to the petition's individual claims." *In re Gray*, 850 F.3d 139, 144 n.4 (4th Cir. 2017) (citing and applying *Magwood v. Patterson*, 561 U.S. 320 (2010)).[1] *See also Magwood*, 561 U.S. at 330–42 (rejecting argument that individual *claims,* rather than habeas *petitions*, are barred by AEDPA's second or successive rule); *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016) (courts "must apply the term 'second or successive' to the application as a whole, not to individual claims within it," and noting that *Magwood* "condemns" a contrary claim-by-claim approach); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012) (similar); *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) ("In light of *Magwood,* we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment.").[2]

---

[1] Mr. Runyon acknowledges that the Court previously construed Mr. Runyon's earlier request to supplement or amend his initial § 2255 petition as an improper second or successive motion, *see* ECF No. 680, but respectfully submits that this disposition was incorrect under *Magwood* and *In re Gray*.

[2] *See also, e.g., Crabb v. Eckard*, No. 1:14-CV-2461, 2015 WL 4879071, at *3 (M.D. Pa. Aug. 14, 2015) (applying *Magwood* to hold that AEDPA's "second or successive" language "appl[ies] to petitions as a whole, not individual claims within a petition"); *Sheehan v. Ricci*, No. CIV.A. 09- (continued…)

6

Finally, the United States erroneously invokes 28 U.S.C. § 2244(b) to argue that Mr. Runyon's motion is barred by the abuse-of-the-writ argument. Opp. at 6–7, ECF No. 917. But that statutory provision has no application to this proceeding under *§ 2255*. *See* 28 U.S.C. § 2244(b) (addressing second or successive petitions under 28 U.S.C. § 2254, not § 2255). Nor does it contain the language the government recites in its brief (for which the government provides no other citation). *Compare* Opp. at 6, ECF No. 917, with 28 U.S.C. § 2244(b). In any event, because this is not a "second or successive" petition, the government's abuse-of-the-writ argument is entirely inapposite. *Cf. McCleskey v. Zant*, 499 U.S. 467, 470 (1991) ("The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus.").

**II.  In the Alternative, This Court Should Reconsider Its Denial of Claim 9 to Address an Intervening Change in the Law and to Prevent a Manifest Injustice.**

The government does not respond at all to Mr. Runyon's alternative request that the Court treat his motion as a request for reconsideration of the Court's prior denial of Claim 9 as pled in Mr. Runyon's prior amended § 2255 Motion (ECF No. 511). As set forth in Mr. Runyon's opening motion, this Court should reconsider Claim 9 both to accommodate an intervening change in controlling law and to correct clear error of law and prevent a manifest injustice. *See* Mem. at ¶¶ 13–14, ECF No. 916. Mr. Runyon can demonstrate that the denial of his § 924(c) claim was erroneous in light of the intervening Supreme Court decision in *Taylor*. Moreover, because it is clear that the statute at issue in his case is unconstitutionally vague, his § 924(c) conviction and death sentence are both unconstitutional. It would be a manifest injustice to execute a prisoner in

---

5314, 2010 WL 3810206, at \*5 (D.N.J. Sept. 22, 2010) ("Rejecting the suggestion that a federal court should apply the 'second or successive' standard on a claim-by-claim basis, the Supreme Court [in *Magwood*] emphasized that 'the phrase 'second or successive' must be interpreted with respect to the judgment challenged.'").

reliance upon such a conviction. Reconsideration therefore is appropriate. *See American Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (reconsideration is appropriate to account for (1) an "intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice"). *See also* Mem. at ¶¶ 13–14, ECF No. 916.

## III. Because Conspiracies Are No Longer Crimes of Violence, Mr. Runyon's Conviction and Sentence Under 18 U.S.C. § 924(C) Must Be Vacated.

Ignoring Mr. Runyon's argument on the merits about why conspiracies are not crimes of violence under § 924(c), the government repeats and relies on previous rulings that have been abrogated by the Supreme Court's holding in *Taylor*. *Compare* ECF No. 916-1 at 3–7, *with* Opp. at 1–5, ECF No. 917. Mr. Runyon's argument is straightforward:

- The Fourth Circuit correctly reasoned in *United States v. Runyon* that under the categorical approach, a violation of 18 U.S.C. § 1958(a) cannot be a crime of violence because the offense can be completed through non-violent means. 994 F.3d 192, 203 (4th Cir. 2021) ("conspiracy alone does not necessarily implicate the use of force").

- Nonetheless, it went on to conclude that conspiracy to commit murder for hire is a crime of violence by erroneously relying on the "reasonable probability" test— rather than applying the categorical approach—explaining that there was "no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting." *Runyon*, 994 F.3d at 203–04.

- The Supreme Court's subsequent decision in *Taylor* requires application of the categorical approach and shows that the Fourth Circuit's reliance on the reasonable probability test in Mr. Runyon's case was erroneous. *See Taylor*, 142 S. Ct. at 2020 (observing that statute "requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force"). The Fourth Circuit has confirmed that the reasonable probability test no longer applies following *Taylor*. *See United States v. McDaniel*, 85 F.4th 176, 186 n.13 (4th Cir. 2023) (clarifying "that a defendant is not required to 'present evidence of how his [federal] crime of conviction is normally committed or usually prosecuted'" (quoting *Taylor*, 142 S. Ct. at 2024)).

- Based on the Fourth Circuit's previous conclusion in this very case about conspiracy not implicating the use of force, the conspiracy offense cannot serve as a predicate for the 18 U.S.C. § 924(c) violation post-*Taylor*.

The government compounds its failure to address Mr. Runyon's argument on the merits by mischaracterizing *United States v. Draven*, 77 F.4th 307 (4th Cir. 2023). While the government suggests that *Draven* rejected the argument that conspiracies do not qualify as crimes of violence post-*Taylor*, Opp. at 4–5, ECF No. 917 (asserting that "[t]he Fourth circuit [*sic*] reiterated" *Runyon*'s holding about conspiracy to commit murder for hire), the decision itself says otherwise: "Although we decline to reach the merits of Draven's conspiracy to commit murder for hire resulting in death argument, we do not foreclose the impact that *Taylor* may have on *conspiracy* to commit murder for hire as a crime of violence, because conspiracy, like the attempted crime described in *Taylor*, involves the analysis of elements that do not satisfy § 924(c)(3)(A)." *Id.* at 320 n.11; *see also United States v. Navarro-Cervellon*, No. 22-2696, 2024 WL 771699 at *2 (4th Cir. Feb. 26, 2024) ("To be clear:  We need not—and thus do not—decide whether *Runyon*'s holding about Section 1958(a) remains correct or binding post-*Taylor*.").[3]

Indeed, the government's block quote from *Draven*—which the government says "reject[ed] the[] argument[]" that a conspiracy to commit murder for hire is an invalid predicate under § 924(c)—focuses solely on the defendant's carjacking conviction rather than his conspiracy conviction. Opp. at 4, ECF No. 917 (quoting *Draven*, 77 F.4th at 310). The government's obfuscation is unsurprising because it would otherwise have to acknowledge that the Fourth Circuit had all but already explicitly concluded in *Runyon* that conspiracy to commit murder for hire does

---

[3] The government's brief is only more confusing on this point as it neglects to appropriately signal that its quoting from *Draven* when making its own argument. *Compare* Opp. At 4–5. ECF No. 917 ("This, we explained 'has the requisite mens rea to constitute a use of physical force.'"), with *Draven*, 77 F.4th at 310 (stating same verbatim).

not qualify as a crime of violence under the categorical approach. 994 F.3d at 203 ("conspiracy alone does not necessarily implicate the use of force").

Further, unlike in *Draven*, the jury imposed a death sentence on Mr. Runyon for the conspiracy conviction. The government does not dispute that, in Mr. Runyon's case, the conspiracy offense served as the *only* logical predicate for the death sentence imposed pursuant to 18 U.S.C. § 924(j). ECF No. 916-1 at 7. As Mr. Runyon explained, while the verdict form listed both the carjacking offense and the conspiracy offense as potential predicates for the death sentence, the jury returned a life sentence on the standalone carjacking offense. ECF No. 916-1 at 8–9. It defies reason to assume that the jury would have imposed a life sentence for carjacking in one instance but a capital sentence in another when there is no difference in the underlying operative set of facts.

The differing sentences for the carjacking and § 924(c) offenses is yet another distinction between this case and *Draven*. As the Fourth Circuit correctly noted, Draven did not even "argue[], must less show[], that there is more than a reasonable probability that the jury relied only on conspiracy to commit murder for hire." *Draven*, 77 F.4th at 319; *cf. United States v. Draven*, Appellant's Br. at 21. In contrast, Mr. Runyon has not only shown a reasonable probability, but a significant likelihood that the jury relied on the conspiracy conviction when sentencing him to death. ECF No. 916-1 at 7; *see United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (explaining that defendant "may attempt" to meet burden to show "a reasonable probability that the jury would not have convicted him absent the error" by "pointing to the jury's verdicts on other counts as evidence of what the jury might have done if the error were not present"); *United States v. Jones*, 935 F.3d 266, 273 (5th Cir. 2019) (observing that jury returning same verdicts on independent racketeering offenses and related § 924(c) offenses "suggests that the § 924

10

convictions were based on the RICO conspiracy predicate"). The government's failure to address the substance of any of Mr. Runyon's arguments on these points, *compare* ECF No. 916-1 at 7–10, with Opp. at 1–5, ECF No. 917,  speaks volumes.

## CONCLUSION

For all of these reasons, and those set forth in Mr. Runyon's opening briefing (ECF Nos. 915 & 916), Mr. Runyon respectfully requests this Court: (i) grant leave to supplement and/or amend Claim 9 of his § 2255 Motion (or, alternatively, reconsider that Claim); and (ii) vacate Mr. Runyon's conviction and capital sentence under § 924(c) predicated on conspiracy to commit murder-for-hire under § 1958(a).

Dated: May 6, 2024                                          Respectfully submitted,

                                                            */s/ Kathryn M. Ali*

                                                            Kathryn M. Ali ,VSB No. 97966
                                                            ALI & LOCKWOOD LLP
                                                            300 New Jersey Avenue N.W., Suite 900
                                                            Washington, D.C. 20001
                                                            (202) 651-2475
                                                            katie.ali@alilockwood.com


                                                            Robert Lee, VSB No. 37410
                                                            Elizabeth J. Peiffer, VSB No. 71353
                                                            Capital Representation Resource Center
                                                            1155 Seminole Trail #6391
                                                            Charlottesville, VA 22906
                                                            (434) 817-2970
                                                            roblee@vcrrc.org
                                                            epeiffer@vcrrc.org

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/        *Kathryn M. Ali*