**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

      Petitioner

    v.

UNITED STATES OF AMERICA,

      Respondent

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS

**PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 60**

Petitioner David Anthony Runyon, through counsel, pursuant to Rule 60(a), 60(b)(1), and

60(b)(6) of the Federal Rules of Civil Procedure moves this Honorable Court to vacate the Clerk's

Judgment entered on June 14, 2024 (ECF No. 923), and withhold entry of final judgment in these

proceedings until all matters before the Court are resolved. Mr. Runyon states the following in

support of this motion:

**Relevant Procedural History**

1.     On April 15, 2024, Mr. Runyon filed a Motion for Leave to File

Supplement/Amendment to, or for Reconsideration of, Claim 9 to Vacate Under 28 U.S.C. § 2255

in Light of *United States v. Taylor*, 142 S. Ct. 2015 (2022), ECF No. 915, and a Memorandum in

Support, ECF No. 916. Thereafter, the government filed a Response, ECF No. 917, to which Mr.

Runyon filed a Reply, ECF No. 918. As of the date of this filing, that Motion remains pending.

2.     On June 14, 2024, the Court entered its Opinion denying Mr. Runyon relief on

Claim 6 of his § 2255 Motion, ECF No. 921, as well as its Order denying Mr. Runyon's Motion

for Medical Exam (EEG Testing), ECF No. 922. The Court directed the Clerk to forward the

1

Opinion and Order to counsel for the parties. ECF No. 921 at 98; ECF No. 922 at 2. Although not directed to do so in the Court's Opinion, the Clerk filed on that same date a Judgment signed by the Deputy Clerk. ECF No. 923.

## ARGUMENT

**A.**   **Judgment Was Entered Prematurely and No Final Judgment Can Be Entered Until the Court Resolves Mr. Runyon's Pending Motion Regarding Claim 9 (ECF No. 915)**

3.      The Clerk's filing of the Judgment was premature because the Court has not issued a final order. An order is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (internal quotations omitted). "[I]f it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015); *see also Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199 (1988) (similar); *Curry v. United States*, No. 23-6128, 2023 WL 5624673, at *1 n.* (4th Cir. 2023) (finding no final order until district court denied a pending motion to amend).

4.      Here, the Court has not "adjudicated all of the issues" because it has not ruled on Mr. Runyon's pending motion regarding Claim 9. As set forth in Mr. Runyon's Motion for Leave to File Supplement/Amendment, ECF No. 915, Memorandum in Support, ECF No. 916, and Reply, ECF No. 918, under recent Supreme Court precedent, Mr. Runyon's conviction on Claim 9 rests on an invalid predicate. The Court has not yet decided this question, and the answer to it could alter the disposition of the habeas petition. Therefore, there is no final order.

5.      Given the absence of a final order, the Clerk should not have entered judgment. The only circumstances in which a clerk enters judgment "without the court's direction" are when "(A) the jury returns a general verdict; (B) the court awards only costs or a sum certain; or (C) the court

2

denies all relief." Fed. R. Civ. P. 58(b)(1). (A) and (B) have no relevance here. Nor does (C): as already noted, the Court has not denied all relief, because a motion for relief on Claim 9 remains outstanding. Neither of the rulings that appear to have precipitated the Judgment—*i.e.*, the Court's Opinion disposing of Claim 6 and the Court's Order denying Mr. Runyon's EEG motion—address Mr. Runyon's motion for relief on Claim 9.

6.      Timely entry of final judgment—only after resolution of all issues in the case—is critical to a proper appeal in this case. Appellate courts only have jurisdiction over final judgments or orders, and will decline jurisdiction if the district court has not "resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (finding no jurisdiction and dismissing appeal where district court failed to rule on one of the petitioner's claims and therefore "never issued a final decision on [petitioner]'s habeas petition"). Given this limitation, an appellate court would not have jurisdiction over an appeal of the current judgment in this case. This is an unwaivable defect, and the appellate court would have to dismiss any appeal of this Court's judgment without reaching the merits. *See Skelton v. McMaster*, 761 F. App'x 239, 239 (4th Cir. 2019) (quoting *Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 394 (4th Cir. 2017)). Additionally, the premature judgment on the docket makes unclear the deadline for a notice of appeal. *See* Fed. R. App. P. 4(a)(1) (time for filing a notice of appeal runs from "entry of the judgment or order appealed from"); *Curry*, 2023 WL 5624673, at *1 n.* (4th Cir. 2023) (time for filing did not begin to run until district court denied pending motion to amend). For all these reasons, unless this Court grants relief, the premature judgment is likely to confuse the appeal, render the applicable timelines uncertain, and threaten unfairness to Mr. Runyon.

**B.      Federal Rule of Civil Procedure 60 Authorizes this Court to Vacate the Judgment Entered on June 14, 2024 (ECF No. 923)**

7.      Prior to the docketing of an appeal, Federal Rule of Civil Procedure 60(a) allows the district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Rule 60(b) provides that the court may relieve a party from judgment based on mistake, Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

8.      Here, these rules vest the Court with authority to withdraw a non-final judgment that was entered in error. If the Deputy Clerk's sua sponte filing of Judgment in this matter without the court's direction was a mistake, correcting the mistake by vacating that Judgment is authorized by Rule 60(a). If the Judgment was entered prematurely for some other reason, vacating the Judgment is authorized by either Rule 60(b)(1) or 60(b)(6). Rule 60(b) vests power in courts "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott*, 335 U.S. at 615. Exercising that power is appropriate in this case in order to ensure judgment is entered only when all issues in the case have been resolved, to ensure the time for filing a notice of appeal is clear, and to avoid the potential for wasteful litigation at the Fourth Circuit concerning the non-final nature of the Judgment. *See* Fed. R. Civ. P. 4(a)(1).

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grant review pursuant to Fed. R. Civ. P. 60(a), (b)(1), and/or (b)(6), and vacate Judgment entered on June 14, 2024 (ECF No. 923).

Respectfully submitted,

*/s/ Kathryn M. Ali*
Kathryn M. Ali ,VSB No. 97966
ALI & LOCKWOOD LLP

300 New Jersey Avenue N.W., Suite 900
Washington, D.C. 20001
(202) 651-2475
katie.ali@alilockwood.com

Robert Lee, VSB No. 37410
Elizabeth J. Peiffer, VSB No. 71353
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
(434) 817-2970
roblee@vcrrc.org
epeiffer@vcrrc.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/      *Kathryn M. Ali*