**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

DAVID ANTHONY RUNYON,

       Petitioner

       v.

UNITED STATES OF AMERICA,

       Respondent

Case No. 4:15-cv-108

Initial Criminal No. 4:08-cr-16-3
CAPITAL § 2255 PROCEEDINGS

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR RELIEF**
**FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60**

Mr. Runyon moves this Court to vacate the Clerk's judgment entered prematurely on June 14, 2024 (ECF No. 923), because there is a pending, unresolved motion on which this Court has not yet ruled. That means there is no final order in his case, and as a result, the Clerk's judgment is not valid.

The government's response—which contains just two sentences of legal argument—does not address any of the case law or Federal Rules that Mr. Runyon cited in his opening brief. Instead, the government argues that the pending motion on Claim 9 is outside the scope of the Fourth Circuit's mandate, and therefore does not "preclude final resolution" of the issues before the Court. Government's Response to Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule 60 ¶ 4, ECF No. 925 ("Opp."). But that is a response to the Claim 9 motion itself (and should be rejected for the reasons explained in that motion and the reply in support thereof, *see* ECF Nos. 916, 918). The government's (flawed) mandate rule argument has no bearing on the finality of the judgment, which occurs only once a court has "adjudicated all of the issues in a case" and "'resolved *all* claims.'" *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (quoting *Fox v. Balt.*

1

*City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000)). This Court should grant Mr. Runyon's

motion and vacate the Clerk's judgment.

## ARGUMENT

1.      As explained in Mr. Runyon's Motion to Vacate, the Clerk's entry of judgment in

this case was premature because there is no final order. *See* Petitioner's Motion for Relief from

Judgment Under Federal Rule of Civil Procedure 2–3, ECF No. 924 ("Mem."). "[I]f it appears

from the record that the district court has not adjudicated all of the issues in a case, then there is

no final order." *Porter*, 803 F.3d at 696. The Court has not ruled on Mr. Runyon's Motion for

Leave to File Supplement/Amendment to, or for Reconsideration of, Claim 9 to Vacate Under 28

U.S.C. § 2255 in Light of *United States v. Taylor*, 142 S. Ct. 2015 (2022), ECF No. 915 ("Claim

9 Motion"). The Claim 9 Motion could alter the disposition of the habeas petition and is exactly

the type of unresolved issue that the Fourth Circuit has held precludes a final judgment. *See Curry

v. United States*, No. 23-6128, 2023 WL 5624673, at *1 n.* (4th Cir. 2023) (finding no final order

until district court denied a pending motion to amend); *see also Stinnie v. Holcomb*, 734 F. App'x

858, 863 (4th Cir. 2018) (finding no final order where plaintiff can cure deficiencies by

amendment). Nor do the Federal Rules authorize entering judgment in this circumstance. The

Court has not "denie[d] all relief," Fed. R. Civ. P. 58(b)(1)(C), so the Clerk should not have entered

judgment here. *See* Mem. ¶ 5.

2.      The government ignores this argument and all of this authority in its Opposition.

Instead, it appears to make two arguments in response: first, that there is no "open question" in the

case because relief is not warranted on Mr. Runyon's pending Claim 9 Motion, and second, that

the motion falls outside the Fourth Circuit's mandate and therefore doesn't stand in the way of a

final order. *See* Opp. ¶ 4. Neither has merit.

2

3.      The government's position that Mr. Runyon's pending motion should not be granted has no bearing whatsoever on finality. Regardless of the government's view of the merits of Mr. Runyon's pending claim for relief on Claim 9, it remains an unresolved issue in the case until *the Court* passes judgment on those arguments. That is true even if the government invokes the scope of the Fourth Circuit's mandate as a basis to deny relief—which just raises another issue for the Court to decide in addressing the Claim 9 Motion (and in any event is an untimely argument the government did not raise in its opposition to the Claim 9 Motion, *cf.* ECF No. 917). Mr. Runyon explained at length in his pending motion and reply brief why his claim for relief on Claim 9 is procedurally proper, *see* ECF Nos. 916, 918.  And—it bears repeating—these arguments go to the merits of the Claim 9 Motion, and have nothing to do with whether there is a final order in the case. As long as the motion remains pending, there is not.

4.      Nor is it the case, as the government suggests, that there is a final order as to Claim 6 even in light of a pending motion on a separate claim. The Federal Rules clearly lay out when a decision in a multiple-claim case can constitute a final order where another claim remains pending, and those requirements have not been satisfied here. Federal Rule of Civil Procedure 54(b) provides that, upon a decision that does not dispose of all claims, a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In this case, the Court did not make the express finding that there was "no just reason for delay." In fact, the Court did not indicate in its opinion that it was intending to enter a final order, nor did the Court direct the Clerk to enter judgment. Absent such an express determination, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims

3

and all the parties' rights and liabilities." *Id.* Accordingly, there is no merit to the government's suggestion that there is "final resolution" based on an order that only addresses Claim 6 and therefore "adjudicates fewer than all the claims." *See* Opp. ¶ 4.

5.      As explained in Mr. Runyon's Motion to Vacate, the premature judgment entered in this case is likely to disrupt the appeal in this case. A final judgment is necessary to trigger the deadline for filing a notice of appeal and to supply the Fourth Circuit with jurisdiction over any appeal. The government's (baseless) disagreement that the judgment is premature suggests there will be inefficient and wasteful litigation over the timeline for appeal and the court of appeals' jurisdiction.

## CONCLUSION

For the foregoing reasons and those explained in his opening Motion to Vacate, Petitioner respectfully requests that the Court grant the Motion and vacate the Judgment entered on June 14, 2024 (ECF No. 923).

Dated: July 31, 2024                                    Respectfully submitted,

                                                        */s/ Kathryn M. Ali*
                                                        Kathryn M. Ali, VSB No. 97966
                                                        ALI & LOCKWOOD LLP
                                                        300 New Jersey Avenue N.W., Suite 900
                                                        Washington, D.C. 20001
                                                        (202) 651-2475
                                                        katie.ali@alilockwood.com

                                                        Robert Lee, VSB No. 37410
                                                        Elizabeth J. Peiffer, VSB No. 71353
                                                        Capital Representation Resource Center
                                                        1155 Seminole Trail #6391
                                                        Charlottesville, VA 22906
                                                        (434) 817-2970
                                                        roblee@vcrrc.org
                                                        epeiffer@vcrrc.org

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Telephone (202) 923-7154
Fax: (202) 305-9779
Carrie.Ward@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/ *Kathryn M. Ali*
Kathryn M. Ali

5