UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ANTHONY RUNYON,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

ACTION No. 4:15cv108
[ORIGINAL CRIMINAL No. 4:08cr16-3]

## MEMORANDUM ORDER

This matter comes before the court on Petitioner's "Motion for Leave to File Supplement/Amendment to, or For Reconsideration of, Claim 9 of Motion to Vacate under 28 U.S.C. § 2255 in Light of United States v. Taylor, 142 S. Ct. 2015 (2022)," ECF No. 915 ("Motion for Leave to Amend"), and Petitioner's "Motion for Relief from Judgment under Federal Rule of Civil Procedure 60," ECF No. 924 ("Motion for Relief from Judgment"). For the following reasons, the court **DENIES** both motions.

I.

On April 15, 2024, Petitioner filed the Motion for Leave to Amend, ECF No. 915, an accompanying Memorandum in Support, ECF No. 916, and a proposed amendment to Claim 9 of his § 2255 Motion, ECF No. 916-1 ("Proposed Amendment"). Petitioner argues that this court's and the Fourth Circuit's analysis of Claim 9 was erroneous in deciding that Petitioner's conspiracy conviction remains a

valid predicate for his 18 U.S.C. § 924(c) conviction following the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022). ECF No. 916-1 at 4-5. Petitioner now seeks leave to supplement or amend Claim 9 under Federal Rule of Civil Procedure 15 to incorporate the holding in Taylor, see ECF No. 916 at 3, or, in the alternative, for the court to reconsider Claim 9, id. at 4-5. The United States filed a Response in Opposition on April 29, 2024, ECF No. 917, and Petitioner filed a Reply on May 6, 2024, ECF No. 918.

The court construes the Motion for Leave to Amend as a motion for leave to file a successive habeas petition under 28 U.S.C. § 2255(h). The court already considered and denied Claim 9 on the merits in its original order denying habeas relief. Runyon v. United States, 228 F. Supp. 3d 569, 630-33 (E.D. Va. 2017) ("Runyon I"). The Fourth Circuit granted a certificate of appealability as to Claim 9 and affirmed this court's denial of that claim. United States v. Runyon, 994 F.3d 192, 200 (4th Cir. 2021) ("Runyon II"). The Fourth Circuit remanded the case to this court for the limited purpose of holding an evidentiary hearing on Claim 6. Id. at 212. Petitioner filed the Motion for Leave to Amend while decision by this court on remanded Claim 6 of the § 2255 Motion was pending, but after full completion of briefing, arguments, and

2

an evidentiary hearing on that claim.[1] Claim 9, on the other hand, had been fully adjudicated by this court on the merits, that adjudication had been affirmed on appeal, it was not part of the limited remand on Claim 6, and it was no longer "an existing claim in [Petitioner's] still-pending habeas petition." ECF No. 918 at 2.

This is not Petitioner's first attempt to relitigate Claim 9. Specifically, on June 7, 2022, Petitioner attempted to supplement Claim 9, making a similar argument as the instant Motion for Leave to Amend, but relying on the Supreme Court's decision in Borden v. United States, 593 U.S. 420 (2021), instead of Taylor. ECF No. 679 ("Supplemental Memorandum"). The court construed the Supplemental Memorandum as a successive habeas petition outside the scope of remand and, accordingly, denied the motion, as Petitioner had failed to obtain the appropriate certification from the Fourth Circuit under 28 U.S.C. § 2244. ECF No. 680 at 2-3. He then filed a Motion to Recall the Mandate with the Fourth Circuit, seeking to expand the mandate to include Claim 9 in light of Taylor. Runyon v. United States, Case No. 17-5 (4th Cir. Aug. 24, 2022), ECF No. 116 (Motion to Recall the Mandate). The Fourth Circuit denied this motion. Runyon v. United States, Case No.

---

[1] See infra note 11.

3

17-5 (4th Cir. Nov. 29, 2022), ECF No. 123 (Order Denying Motion to Recall Mandate).

## II.

Petitioner now argues that the court's treatment of his previous Supplemental Memorandum as a successive petition was erroneous under the reasoning of Magwood v. Patterson, 561 U.S. 320 (2010), and In re Gray, 850 F.3d 139 (4th Cir. 2017). ECF No. 918 at 6 n.1.[2] Under Petitioner's proposed interpretation of Magwood and Gray, Claim 9 of his original petition remains pending, so he should be permitted to amend or supplement that claim pursuant to Federal Rule of Civil Procedure 15. Id. at 6. The court is unconvinced that Magwood or Gray require the court to apply the standard for amendments under Rule 15 in this habeas case of this posture. In Magwood, a state prisoner under a death sentence filed a habeas petition under 28 U.S.C. § 2254,[3] which the district court conditionally granted, ordering him to be released or resentenced. 561 U.S. at 323. The state court resentenced the prisoner to death, and he filed another § 2254 petition with the district court. Id. The Eleventh Circuit

---

[2] Notably, both of these decisions were published well before Petitioner filed his Supplemental Memorandum and the Motion to Recall the Mandate that was denied by the Fourth Circuit. See supra Section I.

[3] Magwood is also applicable to habeas actions under § 2255. See Gray, 850 F.3d at 141 n.1.

reversed the district court's conditional grant of the second-in-time § 2254 petition, finding that it was a successive petition because it made the same claims as the initial § 2254 petition. Id.

The Supreme Court reversed the Eleventh Circuit, finding that the prisoner's second-in-time habeas petition was not a successive petition under 28 U.S.C. § 2244, because it was the first to challenge his new sentence. Id. at 339 ("This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*."). Thus, the Court rejected the Eleventh Circuit's approach that focused on whether the claims in the second-in-time petition were the same as those made in the initial petition, instead focusing on whether the second-in-time petition challenges a new sentencing judgment. Id. After Magwood, a second-in-time petition that challenges a new sentencing judgment may not be a second or successive petition only because it contains the same claims as the original petition. See id. at 334-36.

In Gray, a state prisoner filed a § 2254 petition challenging his death sentence, which the Fourth Circuit conditionally granted. 850 F.3d at 140. Following resentencing, the Fourth Circuit addressed whether the prisoner's second-in-time § 2254 petition challenging his undisturbed, underlying conviction was a successive petition. Id. at 142. The Fourth Circuit held that the second-in-time § 2254 petition was not a successive petition,

5

finding that "when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction." Id. at 143 (emphasis added). In so holding, the Fourth Circuit discussed the Supreme Court's interpretation of the text of § 2244 in Magwood:

> The Court further explained that the phrase 'second or successive' in § 2244(b) applies to the habeas petition itself, not to the petition's individual claims. Hence, a court must first determine whether a petition is second or successive, and only if it is should the court review the petition's individual claims to see if they meet § 2244(b)'s requirements.

Id. at 141 (internal citations omitted) (citing Magwood, 561 U.S. at 334-35). As previously discussed above, the Fourth Circuit in Gray found the petition was not successive because it challenged a new judgment on resentencing. Id. at 143.

Petitioner relies on this framework in arguing that his Proposed Amendment is not a successive habeas petition. Under Petitioner's proposed interpretation, because final adjudication of one claim in his original petition was pending when he filed the Motion for Leave to Amend, and Magwood and Gray suggest that § 2244's "second or successive" language applies to the petition as a whole rather than to each individual claim within the petition, his Proposed Amendment to his original petition is not a successive petition. ECF No. 918 at 6. Thus, Petitioner argues that leave to amend Claim 9 should be governed by the liberal

amendment standard in Federal Rule of Civil Procedure 15, not by the more stringent standard for filing a successive petition in § 2255(h). See id. at 2-3. Section 2255(h) only allows such petitions if they are certified by the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

## III.

The court disagrees that Magwood and Gray require that Petitioner be allowed to amend a claim in his initial petition under Rule 15, after the court and the Fourth Circuit have already fully adjudicated that claim on the merits, and there is no new sentencing being challenged. While Magwood and Gray are important cases, the facts and holdings are inapposite to the case at bar. Specifically, both Magwood and Gray addressed cases where prisoners attacked new, intervening sentencing judgments, and their holdings must be read with that context in mind. In Magwood, the Supreme Court specifically emphasized that "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment

7

challenged." Id. at 332-33. The Fourth Circuit's adoption of the Magwood framework for interpreting the "second or successive" language acknowledged that it focused on whether the second-in-time petition challenged a new sentencing judgment. Gray, 850 F.3d at 141 ("The Court thus did away with a claims-based approach to determining whether a petition is second or successive in favor of a judgment-based approach, and 'the existence of a new judgment is dispositive.'" (quoting Magwood, 561 U.S. at 338) (emphasis added)).

Petitioner attempts to extend Magwood and Gray too far outside the context in which they were decided. Both cases specifically require a "judgment-based approach" with an intervening judgment between the initial petition and the second-in-time petition. See Magwood, 561 U.S. at 342; Gray, 850 F.3d at 141-43. Namely, Gray just extends Magwood to cases where a second-in-time petition challenges an intervening sentencing judgment, with an undisturbed conviction from the original sentencing judgment. See Gray, 850 F.3d at 143. Here, there is no intervening judgment; Petitioner's Proposed Amendment to Claim 9 challenges the same judgment as his initial Petition. Neither Magwood nor Gray suggest that a court cannot consider a second-in-time petition to be a second or successive petition where there is no intervening judgment, as Petitioner would have this court do.

8

In this case, the court concludes that the Proposed Amendment to Claim 9, no matter what Petitioner calls it, seeks habeas relief by challenging the continuing validity of Petitioner's § 924(c) conviction and sentence. In other words, how Petitioner labels the submission is not controlling, and the Proposed Amendment is, in effect, a successive attempt to seek habeas relief on this basis. See Bixby v. Stirling, 90 F.4th 140, 149-50 (4th Cir. 2024) (finding that a motion filed under Federal Rule of Civil Procedure 60(b) should be treated as a second or successive habeas petition if it seeks habeas relief); see also infra Section IV. Because the court determines the Proposed Amendment, as a whole, would be a second or successive habeas petition with no intervening judgment, and Petitioner did not obtain the appropriate certification from the Fourth Circuit under § 2255(h) to file it, the court is prohibited from considering Petitioner's new version of Claim 9 under the Antiterrorism and Effective Death Penalty Act ("AEDPA") as codified in 28 U.S.C. § 2255(h).

Moreover, Petitioner's proposed interpretation of Magwood and Gray would lead to nonsensical results. If Petitioner had initially filed Claim 9 as a stand-alone claim, his entire petition would have been dismissed and there is no doubt that he would be subject to the limitations in § 2255(h). This would prevent him from filing his Proposed Amendment, because "[a] federal prisoner may not ... file a second or successive § 2255 motion based solely

on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." Jones v. Hendrix, 599 U.S. 465, 469-70 (2023).[4] Allowing Petitioner to amend his claim to benefit from a new statutory interpretation after the merits of his claim have been adjudicated, solely because a completely unrelated claim in the same petition was remanded, would lead to needlessly arbitrary outcomes. Petitioner's interpretation would also eviscerate the Fourth Circuit's ability to limit the scope of remand for habeas petitions. Under Petitioner's interpretation, if an appellate court remands any of the original claims, a petitioner would be free to amend all the original claims that the district court and appellate court had already considered and denied on the merits.[5]

Nor is there binding precedent holding that the entire initial petition must be finally adjudicated for a second-in-time petition to be considered successive. Petitioner cites two Second Circuit cases for the proposition that a subsequent petition is not a

---

[4] "Although the Fourth Circuit has not addressed this issue, other courts have uniformly [] held" that Taylor did not announce a new rule of constitutional law. See Bird v. United States, 2023 WL 3959388, at *2 (W.D.N.C. June 12, 2023) (collecting cases).

[5] Although the court does not suggest that Petitioner seeks such an extensive re-litigation here, this is the logical extension of his proposed interpretation to habeas litigation, thereby decimating the "second or successive petition" requirement. See infra note 9 and accompanying text.

second or successive petition under AEDPA, where final adjudication of the prisoner's initial petition is pending. See ECF No. 918 at 5-6 (citing <u>Ching v. United States</u>, 298 F.3d 174 (2d. Cir. 2002) and <u>Whab v. United States</u>, 408 F.3d 116 (2d Cir. 2005)).[6] While <u>Ching</u> and <u>Whab</u> may provide a framework for analyzing Petitioner's Proposed Amendment in the posture of this case, this court does not find their reasoning persuasive. In fact, this issue appears to be the subject of a circuit split. See <u>Rivers v. Lumpkin</u>, 99 F.4th 216, 222 (5th Cir. 2024). In <u>Rivers</u>, the Fifth Circuit identified cases from the Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits holding that a second-in-time petition is a successive petition where it is filed while appeal of the original

---

[6] Petitioner also cites <u>United States v. Gardner</u>, 132 F. App'x 467 (4th Cir. 2005) (unpublished) in support of this proposition. <u>Gardner</u> is inapposite to the issue presented here. In <u>Gardner</u>, the district court dismissed the original petition because it was filed before his direct appeal was decided. <u>Id.</u> at 468. Following resolution of his direct appeal, the prisoner filed another petition, which the district court dismissed as successive. <u>Id.</u> The Fourth Circuit reversed the district court's ruling, finding that the second-in-time petition was not successive because the district court's dismissal of the original petition did not reach its merits. <u>Id.</u> Here, unlike in <u>Gardner</u>, this court and the appellate court have reached the merits of the original petition.
    The court again notes that all of these cases cited by Petitioner predate the first Supplemental Memorandum and the denial by the Fourth Circuit to recall the mandate regarding Claim 9. See <u>supra</u> note 2 and accompanying text; <u>infra</u> notes 7 and 8 and accompanying text. None of the above cases or arguments were previously raised by Petitioner.

petition is pending.[7]  Cases from the Second, Third, and Sixth Circuits have come out the other way.[8]

Of these cases, Beaty v. Schriro, 554 F.3d 780 (9th Cir. 2009), most closely matches the procedural posture in this case. In Beaty, the district court denied a state prisoner's initial habeas petition, and the Ninth Circuit denied a certificate of appealability as to all but one of the prisoner's claims, which it remanded to the district court for an evidentiary hearing. 554 F.3d at 782. Following the evidentiary hearing, the district court denied the remanded claim, and the prisoner then sought to amend the initial petition with new claims. Id. The district court

---

[7] Id. at 22 (citing Phillips v. United States, 668 F.3d 433 (7th Cir. 2012); Williams v. Norris, 461 F.3d 999 (8th Cir. 2006); Beaty v. Schriro, 554 F.3d 780 (9th Cir. 2009); Ochoa v. Sirmons, 485 F.3d 538 (10th Cir. 2007); United States v. Terrell, 141 F. App'x 849 (11th Cir. 2005) (unpublished)).

[8] Id. at 23 (citing Whab v. United States, 408 F.3d 116 (2d Cir. 2005); United States v. Santarelli, 929 F.3d 95 (3d Cir. 2019); Clark v. United States, 764 F.3d 653 (6th Cir. 2014)). Of the cases cited by the Rivers court, Santarelli provides the strongest support for Petitioner's position that he can amend other claims in his initial petition when another claim has been remanded. 929 F.3d at 106 ("If ... an appellate court vacates or reverses, in whole or in part, the district court's denial of the initial habeas petition and remands the matter ... the district court would again be vested with jurisdiction to consider the 'motion to amend.'"). However, even if the court were to adopt the Santarelli framework, Petitioner's Proposed Amendment "must satisfy not only the Rule 15 standard for amending pleadings, but also the dictates of the abuse-of-the-writ doctrine, which 'bar[s] claims that could have been raised in an earlier habeas corpus petition.'" Id. (quoting Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005)).

denied the prisoner's motion to amend and, while the prisoner's appeal of that denial was pending, he sought approval to file a successive habeas petition with the Ninth Circuit.  Id.

The Ninth Circuit held that the prisoner could not amend his petition at that late stage, finding that allowing "the filing of new claims this late in the process would essentially nullify the rules about second and successive petitions created by [AEDPA]." Id. at 783.[9]  Distinguishing prior Ninth Circuit precedent that allowed a pro se prisoner to amend his petition before the district court had acted upon it, the Ninth Circuit specifically held "we decide that Beaty cannot use Woods to amend his petition after the district court has ruled and proceedings have begun in [the appellate] court."  Id. at 783 n.1 (citing Woods v. Carey, 525 F.3d 886 (9th Cir. 2008)).[10]

## IV.

Fourth Circuit precedent provides some guidance for a habeas case in the instant posture.  In Farabee v. Clarke, the Court of Appeals only suggested that the relevant inquiry is whether the

---

[9] This concern is the same as with the Proposed Amendment to Claim 9.  See supra note 5 and accompanying text.

[10] The Ninth Circuit more recently reaffirmed the holding of Beaty in Balbuena v. Sullivan, 980 F.3d 619, 636 (2020), finding that the district court appropriately considered the petitioner's Rule 60(b) motion as a successive habeas petition where he "sought to add a new claim after the district court denied his petition and he appealed that denial."

"earlier-filed petition has been adjudicated on the merits." 967 F.3d 380, 389 (2020) (citing, inter alia, Ching, 298 F.3d at 177). In Farabee, the district court adopted the magistrate judge's recommendation to dismiss second-in-time petitions as successive petitions before it had reached the merits of the first petition. Id. The Fourth Circuit reversed, finding that, "since the district court did not adjudicate on the merits certain issues presented in Farabee's first § 2254 petition prior to the filing of his second § 2254, the second petition cannot be considered successive." Id. That is a different case than the one presented here, where both the district court and the appellate court have adjudicated all issues presented in Petitioner's initial habeas petition, with a limited issue remand on a different claim than the claim on which the "amendment" is sought.[11]

More recently, the Fourth Circuit addressed a closer issue in Bixby v. Stirling, 90 F.4th 140 (4th Cir. 2024), where a state prisoner sought habeas relief under the guise of a Federal Rule of Civil Procedure 60(b) motion. In Bixby, the prisoner filed a Rule 60(b) motion while his appeal from the district court's denial of

---

[11] The remand on Claim 6, pending since February 19, 2021, was decided by opinion of this court on June 14, 2024. Runyon v. United States, 2024 WL 2992712 (E.D. Va. June 14, 2024). The Motion for Leave to Amend Claim 9 was filed on April 15, 2024, ECF No. 915, and did not become ripe until May 6, 2024, see ECF No. 918, well after Claim 6 became ripe for decision on January 15, 2024, with the evidentiary hearing and all filings completed. See ECF Nos. 913, 914.

his initial § 2254 petition was still pending, arguing that his previous attorneys had failed to effectively plead certain claims in the initial petition. Id. at 145. The district court interpreted the Rule 60(b) motion as a successive habeas petition, and thus, denied it. Id. The Fourth Circuit affirmed this ruling, relying heavily on the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524 (2005), which "considered the interplay between AEDPA's limits on second or successive federal habeas petitions and Rule 60(b) relief." Id. at 147. The Fourth Circuit found that under Gonzalez, a Rule 60(b) motion that "argue[s] that a post-judgment change in law warrants relief so as to present that newly available claim" would "sound[] substantively in habeas because they 'attack[ed] the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'" Id. at 148 (quoting Gonzalez, 545 U.S. at 531-32).

The court finds the Fourth Circuit's reasoning in Bixby persuasive and extends it here in following the majority position identified in Rivers.[12]  No matter how Petitioner's motion is

---

[12] Notably, the Fifth Circuit also found the reasoning of Gonzalez persuasive, and each of the majority cases cited in the opinion relied on Gonzalez. See Rivers, 99 F.4th at 222; supra note 7 and accompanying text.

15

styled, "[t]he inconsistency with AEDPA is the core problem." Bixby, 90 F.4th at 150. Petitioner's attempt to amend Claim 9 after it has been adjudicated is an "end-run" around the strictures of § 2255(h) and would undermine the statute's goal of embracing finality. See id. at 147; see also Ochoa, 485 F.3d at 541 ("The approach advocated by Mr. Ochoa would greatly undermine the policy against piecemeal litigation embodied in § 2244(b)."). The court finds that Petitioner's Proposed Amendment is a "second or successive" petition within the meaning of § 2255(h) and, thus, it lacks jurisdiction to consider it. Accordingly, Petitioner's Motion for Leave to Amend is **DENIED**.

## V.

Finally, although not necessary to the court's finding that it lacks jurisdiction to consider the Proposed Amendment, the court again notes that this matter is also outside the scope of the Fourth Circuit's mandate. The Fourth Circuit only remanded the case to this court for the limited purpose of conducting an evidentiary hearing on Claim 6. Runyon II, 994 F.3d at 212. Nevertheless, Petitioner argues that the court has discretion to "resurrect" issues on remand outside the scope of the mandate. ECF No. 916 at 4 (quoting United States v. Cannady, 63 F.4th 259, 267 (4th Cir. 2023)). As relevant here, Cannady provides two "very special situations" where exceeding the scope of remand may be appropriate: (1) a showing that controlling legal authority has

16

changed dramatically; or (2) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice. 63 F.4th at 267 (quoting United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)). Petitioner argues that either of these reasons supplies justification to exceed the Fourth Circuit's mandate. ECF No. 916 at 4.

This court does not agree that either reason set forth in Cannady is present here or supports the court's exercise of its "limited discretion" to expand the mandate. Simply put, the court would be quite disinclined to exercise its limited discretion to reopen Claim 9, even if it had jurisdiction to do so. As already set forth in the opening of this Memorandum Order, the Fourth Circuit denied Petitioner's Motion to Recall the Mandate to include Claim 9. See supra Section I. This court would not exercise discretion to expand the mandate to consider the effect of the Taylor decision on Petitioner's claim, after the Court of Appeals has expressly declined to expand the mandate for that purpose. Runyon v. United States, Case No. 17-5 (4th Cir. Nov. 29, 2022), ECF No. 123.

## VI.

On July 11, 2024, Petitioner filed a "Motion for Relief from Judgment under Federal Rule of Civil Procedure 60." ECF No. 924 ("Motion for Relief from Judgment"). In the Motion for Relief from Judgment, Petitioner argues that the Clerk's entry of Judgment

17

following the court's Opinion denying relief on Claim 6, ECF No. 923, was in error. He contends that the Clerk should not have entered Judgment following the court's Opinion denying Claim 6 because his Motion for Leave to Amend Claim 9 was still pending before the court at that time. ECF No. 924 at 2. Therefore, Petitioner argues, the court's Opinion denying Claim 6 did not deny "all relief" as is required under Federal Rule of Civil Procedure 58(b)(1)(C) for the Clerk to enter judgment without the court's direction. Id. at 2-3. He asserts that the allegedly premature entry of the Judgment would affect his appeal, as the appellate court would lack jurisdiction over a premature appeal and it would create uncertainty as to the timeline for his appeal. Id. at 3. Accordingly, Petitioner requests that the court vacate the Judgment pursuant to Federal Rule of Civil Procedure 60 and to reenter Judgment following decision on the Motion for Leave to Amend Claim 9. Id. at 4. The United States opposes vacatur and reentry of the Judgment. See ECF No. 925.

Federal Rule of Civil Procedure 58(b)(1)(C) requires the Clerk, "without awaiting the court's direction, [to] promptly prepare, sign, and enter judgment when ... the court denies all relief." Here, the court's Opinion of June 14, 2024, denied all relief as to the single remaining claim before the court. As discussed, Claim 9 had already been fully considered and denied on the merits by this court and the Fourth Circuit. The Fourth

18

Circuit then remanded this case for the limited purpose of conducting further proceedings on Claim 6. The outstanding motion at the time the Clerk entered Judgment did not present a claim for relief, but rather, sought the court's permission to reassert such a claim. Thus, the relief Petitioner sought in Claim 9, i.e., the invalidation of his § 924(c) conviction and sentence, was not before the court when the Clerk entered the Judgment, only a request for the court to exercise jurisdiction over that claim. For the reasons identified herein, the court does not have jurisdiction over that claim. See supra Section IV. The court's Opinion of June 14, 2024, denied all relief as to the only claim before it and the Clerk appropriately entered the Judgment after the court denied all relief on the that claim. The court finds no reason warranting vacatur of the Judgment.

## VII.

For the reasons stated herein, the court **DENIES** the Motion for Leave to Amend, ECF No. 915, as the Proposed Amendment would be a successive § 2255 motion without the requisite Circuit Court authorization. The court **DECLINES** to issue a certificate of appealability under Rule 11(a) of the Rules Governing § 2255 Proceedings for the reasons stated in this Memorandum Order. The court also **DENIES** Petitioner's Motion for Relief from Judgment, ECF No. 924. The Judgment entered on June 14, 2024, ECF No. 923, remains in full force and effect.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the United States Attorney at Newport News and counsel for Petitioner.

**IT IS SO ORDERED.**

_____
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 6, 2024

20